31049. STALLINGS *v.* CITY OF ATLANTA *et al.*

DECIDED NOVEMBER 9, 1945.

*Spence & Spence,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Ralph Williams, Hugh G. Head Jr.,* contra.

BROYLES, C. J. W. J. Stallings, a policeman of the City of Atlanta, was tried by the police committee of the general council of the city, the charge being that he was under the influence of intoxicating liquors while on duty at the police station of the city at about 8 p. m. on March 6, 1943. After the introduction of evidence, he was convicted of the offense charged and was discharged from the police department. He obtained from the superior court a writ of certiorari, which, on the trial, was overruled, and that judgment is assigned in the bill of exceptions as error.

Only paragraphs 12 and 13 of the petition for certiorari are argued or insisted upon in the brief of counsel for the plaintiff in error, and therefore we will confine this opinion to those paragraphs. The first assignment of error in the petition is that the police committee made no written verdict or judgment of the defendant's conviction, and therefore its judgment was null and void for the reason that rule 544 of the police committee provides that "all judgments of the police committee of council shall be in writing and duly entered upon the records." However, it appears from the record that the committee's verdict and judgment were recorded in writing in the minutes of the committee. We think that such writing was a substantial compliance with the above-quoted rule. See *Ginn* v. *Atlanta,* ante.

Another assignment of error was that the penalty imposed upon the defendant was unlawful and unconstitutional, in that it was unreasonable and out of all proportion to the breach of the rules set up in the charges. The assignment is without merit.

The last special assignment of error is that it failed to appear that the defendant "had violated any existing rule which had previously been made and adopted by the committee, and it was erroneous and illegal to convict him for this reason." As to this assignment, counsel for the plaintiff in error says in his brief:

"Our assignment of error is that plaintiff in error had violated no existing rule, which had previously been made and adopted by the police committee, in taking the sulfanilamide medicine while on duty as a police officer. Such an act could not constitute a crime, or a violation for which he could be penalized. The reasonable and fair interpretation of the evidence was to the effect that he had taken the medicine and not an alcoholic drink, and, consequently, his conviction and penalty were illegal and void." However, the defendant was not tried on any rule forbidding the taking of any such medicine, but was tried for a violation of rule 276, which provides: "Any member of the police department who has been known to be under the influence of any intoxicating drink, such as beer, wine, gin, rum, whisky, or any type of mixed alcoholic drink, either while on or off duty, will be dismissed from the force after a due trial and proven guilty by the police committee of council." The assignment of error is without merit.

The remaining assignments of error allege that the defendant's conviction was not authorized by the evidence adduced upon the trial. It is true that the evidence as to whether the defendant was under the influence of intoxicating alcoholic liquors on the occasion in question was conflicting, but it was amply sufficient to authorize the police committee to find that he was so intoxicated. And, as held by this court in the recent case of *Scott* v. *Hester*, 72 *Ga. App.* 889 (35 S. E. 2d, 389), "Where the petition for certiorari attacked the finding of the police committee of the mayor and general council of the City of Atlanta on the sole ground that it was without evidence to support it, and the certiorari was overruled and denied by the judge of the superior court, and where the record discloses that there was some evidence to support the finding and judgment of the police committee, the judgment overruling or dismissing the certiorari will not be disturbed by this court."

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*