44652. HOOD v. RICE et al.

ARGUED SEPTEMBER 2, 1969—DECIDED NOVEMBER 7, 1969— REHEARING DENIED NOVEMBER 24, 1969—

G. *Seals Aiken*, for appellant.

*Latimer, Hadden & Stanfield, A. C. Latimer, John C. Pennington*, for appellees.

BELL, Chief Judge. ■ Succinctly stating the enumerations of error considered in this division of the opinion, appellant protests various rulings and judgments of the Atlanta Board of Education, the State Board of Education and the Superior Court of Fulton County. She objects to findings that she voluntarily left her employment in the Atlanta School System, that she was not in fact discharged by the Atlanta school authorities and that

no conspiracy existed to deprive her of the statutory rights of notice, preferment of charges and the opportunity to be heard in her own defense. All of these contentions are based ultimately on the premise that there is no evidence to support the rulings or judgments or that the evidence demanded rulings contra to these entered. Needless to say, we have painstakingly examined the entire record. From that it is apparent to us, as it obviously was to the superior court judge, that the evidence, while often in conflict, was in each situation sufficient to authorize the ruling complained of. Thus, having voluntarily left her job, the provisions of the Civil Service for Teachers Act (Ga. L. 1937, p. 879) which she seeks to invoke in her case, are not applicable. Historically, the appellate courts of this State have followed the policy of refusing to nullify facts supported by evidence which have been found by the various fact-finding bodies. See *Scott v. Hester,* 72 Ga. App. 889 (35 SE2d 389); *Stallings v. City of Atlanta,* 73 Ga. App. 169 (35 SE2d 782); *Tibbs v. City of Atlanta,* 125 Ga. 18 (53 SE 811). This disposes of enumerations 1, 2, 3, 4, 5, 6, 9, 10, 11, 14 and 15.

■ The Supreme Court, in transferring this case to this court, disposed of enumerations 17, 18, 19, 20, 21 and 23. See *Hood v. Rice,* 225 Ga. 327 (168 SE2d 150).

■ At the commencement of the hearing before the Atlanta Board, the chairman stated that it was the contention of the Board of Education that Miss Hood was not discharged but left the school system suddenly and without cause of her own volition and that whatever contractual rights she may have had in 1952 were barred by the statute of limitation. It is urged that the remarks caused the disqualification of the Atlanta Board as it had already pre-judged the case against her and deprived her of a fair and impartial tribunal to hear and pass upon her case, and the superior court erred in not so holding. These remarks were nothing more than a statement of the issues, and do not constitute any pre-judgment of the case. The record shows that the proceedings were conducted in an eminently fair manner. Enumeration 7 has no merit.

■ The chairman also stated that Miss Hood occupied the position of a plaintiff and had the burden of proof. It is argued

that this is error as the burden of proof should have been placed upon the Board of Education. Here, the burden of proof rested upon Miss Hood as she alleged the right to recover and this burden remained on her continuously during the trial since the Atlanta Board denied her allegations throughout all proceedings in the case. *Richter Bros. v. Atlantic Co.*, 59 Ga. App. 137, 141 (200 SE 462); *Lovett v. American Family Life Ins. Co.*, 107 Ga. App. 603, 608 (131 SE2d 70). Enumeration 8 has no merit.

■ (a)   In enumerations 12 and 13 it is urged that the superior court erred in not holding the orders or judgments of both the Atlanta and State Boards of Education void because neither included findings of fact and conclusions of law separately stated or was accompanied by a concise and explicit statement of the underlying facts which supported the respective findings. Counsel in support of these alleged errors relies upon a provision of the Georgia Administrative Procedure Act (*Code Ann.* § 3A-118 (b)) which requires agencies to which the Act applies in contested cases to include findings of fact and conclusions of law, separately stated. The fallacy of this contention is that a city board of education is not included within any of the definitions of "agency" contained in this statute. *Code Ann.* §§ 3A-101 and 3A-102. Thus the Administrative Procedure Act does not apply to local boards of education. Although special or detailed findings of fact and conclusions of law may be desirable in a case of this nature, their absence will not affect the validity of the determination of a quasi-judicial tribunal when not required by statute. Saporiti v. Zoning Board &c. of Manchester, 137 Conn. 478 (78 A2d 741); Bandeen v. Howard, (Ky.) 299 SW2d 249; 2 AmJur2d 262, Administrative Law, § 450.

(b)   All the more, the Administrative Procedure Act does not apply to the State Board of Education when, as here, the board sat as an appellate body and did not decide the controversy *de novo* but based its appellate decision on the evidence heard by the local board. See *Boney v. Board of Educ. of Telfair County*, 203 Ga. 152, 155 (45 SE2d 442).

6.   In enumeration 16, counsel argues that the superior court erred in not holding that the Atlanta Board was estopped by

its granting a hearing to Miss Hood from contending and holding any rights she may have had in 1952 were no longer available to her due to the running of the statute of limitation. The record does not show that the Atlanta Board's decision was in any way based upon the running of any statute of limitation. However, assuming that it was, counsel's theory that by granting Miss Hood a hearing the board was thereby estopped from denying her relief by the running of the statute of limitation is not supported by any cited authority and will not receive the sanction of this court. Enumeration 16 has no merit.

■ Enumerations 22 and 24 are merely repetitious summarizations of others already considered and disposed of and need not be discussed.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*