## 55069. RANSUM v. CHATTOOGA COUNTY BOARD OF EDUCATION.

WEBB, Judge.

Sari Ransum had been a teacher in the Chattooga County School System for a period of ten years and had attained a tenured status. See Code § 32-2103c. On or about March 9, 1976, she received a letter from the superintendent of schools for Chattooga County stating that her contract of employment would not be renewed for the coming year. Mrs. Ransum requested a hearing before the local board and a list of the reasons for the nonrenewal of her contract. The superintendent then supplied her with a list of eight charges allegedly supporting the nonrenewal. After hearing evidence the local board voted to not renew the contract, but made no findings of fact or conclusions of law.

On appeal to the state board, the record, transcript, and briefs were assigned to a hearing officer, who, after hearing oral argument by counsel, made a report to the State Board of Education which included findings of fact and conclusions of law. Further, he concluded that the local county board did not sustain its burden of proof to non-renew Mrs. Ransum's contract and that various rulings of the local board regarding the admissibility of evidence were in error. The state board voted to reverse the county board's decision. Appeal was then made to the superior court pursuant to Code § 32-910 (c). The trial court found that there was sufficient evidence to support the decision of the county board and reversed the state board. Mrs. Ransum appeals to this court.

1. Mrs. Ransum assigns error to the trial court's finding that there existed competent and probative evidence before the county board to carry its burden of proof and sustain its decision not to renew her contract of employment. The evidence, although conflicting, would have supported a finding of incompetence, insubordination, and/or wilful neglect of duties — any one of which would have been a sufficient basis for the nonrenewal of the contract. See Code §§ 32-2101c and 32-2103c. Accordingly, we find no error in the superior court's reversal of the state board's decision.

2. Mrs. Ransum contends that the testimony of a rebuttal witness was improperly disallowed by the local board. An offer of proof was made to show that this witness would have testified that Mrs. Ransum was cooperative, was concerned about her students, and that there were other teachers who were uncooperative about taking students. Opposing counsel objected on the ground that the rule of sequestration had been invoked and this witness had been present during prior portions of the hearing.

The rule of sequestration is that "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. . ." Code § 38-1703. The court is charged with the duty of proper care in effecting this object as far as practicable and convenient, and is vested with broad discretionary powers in such administration which will not be controlled unless manifestly abused. See *Watts v. State,* 239 Ga. 725, 731 (1977). In light of the totality of the evidence and the charges against this teacher, we find no abuse of discretion from the exclusion of the testimony shown in the offer of proof.

3. The superintendent testified that he based his recommendation for nonrenewal on the recommendation of the principal and the trustees. Mrs. Ransum objected to this testimony on the grounds that the recommendation of the trustees had been dropped from the list of charges against her and that any testimony relating to the trustee's recommendation was therefore inadmissible. The board properly overruled this objection since the evidence was not offered to prove a charge against Mrs. Ransum but was admitted to show the basis of the superintendent's recommendation.

4. Objection was made to the principal's testifying that Mrs. Ransum arrived late to school, since no charges were brought against her on this ground. The local board allowed the testimony as being relevant to the charge that Mrs. Ransum failed to stand outside her classroom to discipline children during class changes. The board reasoned that Mrs. Ransum could not stand outside the classroom to discipline children if she had not yet arrived at school. We find no error.

5. The superior court properly applied the "any evidence" rule to the decision of the local board. Neither the state board nor the superior court is authorized to consider a matter de novo from the local board. See Code § 32-910. Both the state board and the superior court sit as appellate bodies. "Historically, the appellate courts of this State have followed the policy of refusing to nullify facts supported by evidence which have been found by the various fact-finding bodies." *Hood v. Rice,* 120 Ga. App. 691, 693 (172 SE2d 170) (1969). Sitting as an appellate body, the superior court judge was placed in a position similar to an appellate review of a jury verdict. Having found that there existed evidence sufficient to support the decision of the local board, the superior court was bound to affirm it.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JANUARY 11, 1978 — DECIDED FEBRUARY 9, 1978.

*Haas, Holland, Levison & Gibert, Theodore G. Frankel, Richard G. Garrett,* for appellant.
*Joseph E. Loggins,* for appellee.

