## 56124. SUMTER COUNTY BOARD OF EDUCATION v. MOSLEY et al.

BELL, Chief Judge.

The Sumter County Board of Education on July 20, 1977, at a special called meeting, adopted these two motions: "A motion was made by Mr. Cook seconded by Mr. Satterfield to negotiate with an architect to supervise the building of a 10 classroom building plus science lab and Home Ec. lab that can be used as classrooms plus admin-suite, teacher lounge and clinic for $250,000.00. Motion carried unanimously. A motion was made by Mr. Gaston seconded by Mr. Hutchinson to employ Mr. William Cox as architect. Motion carried. 5 for 1 opposed. Mrs. Barfield opposed."

On September 12, 1977, at a regular monthly meeting, this motion was made and adopted: "A motion was made by Mr. Cook seconded by Mr. Satterfield that the Sumter County Board of Education enter into a contract agreement with Mr. William N. Cox, A.I.A. Motion carried unanimously."

On September 29, 1977, the appellees, concerned parents and citizens, filed a "Motion for Reconsideration" with the board ". . . in regard to the decision made on September 14, 1977 at the regular monthly meeting of said Board of Education, to employ Mr. William Cox, architect, of Albany, Georgia, to prepare plans and drawings for a classroom building to be built at Union High School."

The appellees alleged in their motion that the school board's decision to construct the addition to the Union High School was erroneous for a variety of reasons; that they were prepared to prove these allegations by evidence at a hearing which they demanded; and that the motion was filed in accordance with "sections 05-313 et seq. of the

'Policies and Executive Procedures, State of Georgia, Board of Education and State Superintendent of Schools', . . ."

On October 26, 1977, the appellant local school board held a hearing pursuant to the appellees' motion for reconsideration. At the onset of the meeting it was held by the board that the motion was not timely filed as regards the decision to build the school addition as this decision was made on July 20, 1977; and that the board would not allow or consider any evidence on this question but allowed appellees the opportunity to show that the decision to employ the architect was erroneous which the board determined was the only decision made by it on September 14, 1977. The board's holding that the motion was untimely as regards the issue of the decision of construction of the school was taken in compliance with a State Board of Education rule that a motion for reconsideration of a prior decision of a local board must be filed within 30 days of the decision to which complaint was made. The appellees took a contrary position contending that the motion was timely as the decision to build the school was not made on July 20, 1977, but on September 14, 1977. The State Board of Education on appeal affirmed the local board. The superior court on further review reversed and ordered that a new public hearing be conducted by the appellant board on the issue of whether this school construction project should take place. *Held:*

1. The appellees have moved to dismiss the appeal on the ground that the order of reversal by the superior court was not a final judgment and that the procedure for an interlocutory appeal had not been followed. An appeal may be taken to the Court of Appeals ". . . from judgments and rulings of the superior courts. . . 1. Where the judgment is final — that is to say — where the cause is no longer pending in the court below." Code Ann. § 6-701 (a), (a) 1. This case is no longer pending in the superior court and therefore the judgment reversing the State Board of Education is a final judgment from which an appeal may be taken. The motion to dismiss is denied.

2. In its order of reversal, the superior court held that it was ". . . not bound by the rules of procedure promulgated by the State Board of Education, and

certainly not one such as those claimed to be applicable to this case which are not in evidence, . . ." Code § 32-910 grants to local boards of education the power to act as a tribunal for hearing and determining any matter of local controversy concerning the construction or administration of the school law and grants to any party aggrieved by a local decision the right to appeal to the State Board of Education and to the superior court. This statute also authorizes the State Board of Education to adopt regulations governing the procedure for hearings before the local board. Code § 32-910 (b). The regulation concerning the time frame for filing a motion for consideration was never formally admitted in evidence. We also cannot take judicial notice of it as it was not on file with the Secretary of State pursuant to the Administrative Procedure Act. See Code Ann. Ch. 3A-1; "Administrative History," Rules and Regulations of the State of Georgia, Vol. III, Ch. 160; and *Hood v. Rice,* 120 Ga. App. 691 (172 SE2d 170). Nonetheless, the appellees admitted at the hearing and in their brief that the State Board of Education in fact had issued a rule requiring that motions for reconsideration of local board decision be filed within thirty days of the decision to which complaint was taken. Code § 32-910 (e) states that on review the state board and the superior court shall be confined to the record. Therefore, the superior court and this court, as well as the parties are bound by this rule, the existence of which has been admitted. The superior court erred in holding to the contrary.

3. The controlling issue in this case is whether the appellant local board made a final decision on July 20, 1977 to construct this addition. If so, the motion for reconsideration was not timely filed. While the minutes of the July 20, 1977 meeting are not the most artfully drawn, they may be reasonably construed to state that a decision to build was made in July. There is some other evidence adduced at the limited hearing conducted on appellees' motion that the board so intended. The minutes of the September 14, 1977 meeting only reaffirmed the basic decision to build made in July by authorizing a contract with the architect selected at the July meeting. As the local board's decision was affirmed by the State

Board of Education and is supported by the record, we are bound to direct that the state board's decision be affirmed. *Hood v. Rice,* supra. We reverse and direct the superior court to enter a judgment affirming the State Board of Education.

*Judgment reversed with direction. Shulman and Birdsong, JJ., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 12, 1978 — REHEARING DENIED OCTOBER 12, 1978 —

*Crisp, Oxford & Gatewood, Henry L. Crisp,* for appellant.

*Millard D. Fuller,* for appellees.