## 69070. SAXBY v. BIBB COUNTY BOARD OF EDUCATION.
### (327 SE2d 494)

BIRDSONG, Presiding Judge.

Discretionary Appeal. Robert Saxby was employed as an athletic coach by the Bibb County Board of Education. On March 22, 1983, the Superintendent of the Board of Education sent a letter notifying Saxby that the superintendent was going to recommend disciplinary charges against Saxby. The letter specified these charges as follows: "The ground for my recommendation is that you have engaged in immoral conduct with [a 14-year old female student]. The basis for this charge is that on January 25, 1983, you carried [the student] to your apartment . . . where you had sexual relations with her. Also, on February 14, 1983, you made arrangements to again take [the student] to the . . . Apartments."

After a full hearing, the Bibb County Board of Education entered as its findings: "we do not find sufficient evidence to support the specific charge of sexual misconduct alleged. . . ." However, the Bibb County Board of Education sought to enter findings (without supporting facts) that Saxby had violated in an unspecified manner state-wide board rules sufficient to warrant his termination of employment with the board of education. The board found that Saxby had wilfully neglected his duties, had engaged in immoral conduct, and had created other good and sufficient cause to warrant discharge. The local board ordered Saxby's immediate discharge.

OCGA § 20-2-940 (b) (1) provides in pertinent part that before the discharge of a teacher, written notice must be furnished to the employee of sufficient detail to enable him fairly to show any error that might exist in the allegations of misconduct.

After the local board ordered Saxby's discharge upon the three grounds stated, Saxby appealed as a matter of right to the state board of education. He enumerated as error insufficient notice of the charges and lack of evidence to establish undefined "immorality, neg-

lect of duty or other good or sufficient cause." The state board of education referred the file to a hearing officer. That officer examined the evidence in great detail to ascertain if the evidence supported immorality other than the sexual misconduct which the local board had discounted, or wilful neglect of duties or other good or sufficient cause. The hearing officer concluded that the local board properly concluded there was no sufficient evidence of sexual conduct as charged, but he also concluded there was no evidence of wilful neglect or other evidence of immorality other than that that the local board found insufficient. Discounting the evidence of the charged sexual misconduct, there likewise was no evidence of other good or sufficient cause to warrant discharge. The state board of education adopted the findings and conclusions of the hearing officer, making them their own and reversed the actions of the Bibb County Board of Education.

The Bibb County Board of Education appealed the reversal to the superior court. That court found as a matter of law that the notice by the local board to Saxby as to the findings of wilful neglect of duty and other good and sufficient cause was inadequate and sustained the reversal as to those two findings. However, the superior court concluded that the hearing officer and the state board applied an incorrect rule of law by reconsidering the evidence on appeal and thus conducting a hearing de novo. The court observed that there was some evidence of immorality; therefore, the state board should have applied the "any evidence" rule to the one remaining finding of the local board that Saxby was guilty of undefined immorality. Thus the superior court reversed the action of the state board and in effect reinstated the discharge action of the local board. Saxby successfully petitioned this court for a discretionary appeal from the action of the superior court. *Held*:

We concur with the superior court that there was improper notice as to the findings of wilful neglect and other good and sufficient cause. These two predicates must therefore be disregarded as a basis for the action of the local board in ordering Saxby's discharge. However, we disagree with the superior court that there was sufficient notice or sufficient evidence to support a finding of unspecified immorality so as to warrant Saxby's discharge.

There was considerable evidence that Saxby had been seen in the company of the female student and that on one occasion the student had been seen alone in the apartment complex occupied by Saxby. However, outside of the child's evidence there was no evidence that any of the meetings between Saxby and the girl was for an immoral purpose. While meetings between a coach and a young female student may be imprudent, there is no evidence in this record that such meetings were prohibited.

In spite of its specific findings that the evidence was insufficient

to support the specific charge of sexual misconduct, the local board in its defense of Saxby's appeal to the state board and before this court in defense of the discretionary appeal, has argued that the evidence showed that Saxby probably did engage in sexual intercourse with the girl as she alleged and arranged a second meeting with the girl for the same purpose. While we see the predicate for such an argument (there certainly was evidence to support such a finding from the girl herself), the local board has precluded itself and, by application of the "any evidence" rule this court, from considering the evidence in that light by finding the evidence was insufficient to support the specific charge of sexual misconduct. The local board cannot have the evidence both ways.

Moreover, we must disagree with the superior court that the evidence in the record sustains notice of a charge or by demonstrative evidence any acts of nonspecific immorality as found by the local board. It is clear from the arguments presented by the local board that the immorality finds its genesis in the sexual intentions of Saxby in meetings with the girl, even in the absence of a finding that Saxby actually engaged in a specific act of intercourse. However, that is not the finding of the local board. All the evidence developed at the hearing was intended to sustain the charge that Saxby took the girl to his apartment and engaged in sexual intercourse with her and made a second "date" with her for the same purpose. Thus, the immorality charge was won or lost, depending on a finding that Saxby's conduct was motivated by a desire for sexual intercourse with the girl. That evidence the local board discounted. In its review of the evidence, the state board (through its hearing officer) reviewed that evidence and reached the same result. There is no indication that the state board considered new evidence or otherwise conducted a de novo hearing or review. As observed by the state board, there simply was no evidence outside of the sexually motivated conduct alleged to warrant a finding that Saxby acted in an immoral manner merely by being seen in the presence of the girl.

Based upon the foregoing, we determine that, rather than concluding that the state board conducted a de novo hearing, the superior court should have concluded that there was a valid reason for the findings and conclusions of the state board and affirmed the state board's actions. Accordingly, the judgment of the superior court must be reversed. *Ransum v. Chattooga County Bd. of Education*, 144 Ga. App. 783, 785 (242 SE2d 374).

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 23, 1985 —
REHEARING DENIED MARCH 5, 1985 — ▮▮▮▮▮

*Frank H. Childs, Jr.*, for appellant.
*W. Warren Plowden, Jr.*, for appellee.