### 69334. RABON v. BRYAN COUNTY BOARD OF EDUCATION.
(326 SE2d 577)

POPE, Judge.

This discretionary appeal comes after the decision by the Superior Court of Bryan County affirming the decision of the State Board of Education which upheld the action of the Bryan County Board of Education terminating appellant Lee Rabon's contract of employment as principal of Bryan County High School. Charges were originally brought against Rabon by the Superintendent of Schools of Bryan County. The Bryan County Board of Education, pursuant to OCGA § 20-2-940 (e), referred the matter for hearing to the Professional Practices Commission. The Commission conducted a lengthy hearing, made findings of fact and conclusions of law, and recommended to the local board that Rabon be suspended without pay for sixty days. At issue in this appeal is whether the local board had authority to act contrary to the recommendation of the Professional Practices Commission and whether there was sufficient evidence to support any charge against Rabon. *Held:*

1. We first note that school appeals do not fall within the ambit of the Administrative Procedure Act. See OCGA § 50-13-2 (1); *Hood v. Rice,* 120 Ga. App. 691 (5a) (172 SE2d 170) (1969). Instead, this action is governed by procedures set out in OCGA § 20-2-940 and OCGA § 20-2-1160. OCGA § 20-2-940 provides specific grounds and procedures for the termination of employment of a teacher, principal or other employee who has a contract for a definite term. Subsection (e) (1) provides that the local board may designate the Professional Practices Commission to conduct a hearing, which was done in the present case. Subsection (f) provides that where the hearing is before

a tribunal other than the local board, the tribunal shall file its findings of fact, conclusions of law and recommendations with the local board within five days of the conclusion of the hearing. The local board is then required to render its decision within ten days of receipt of the tribunal's report. OCGA § 20-2-1160 (a) provides that "[e]very county . . . board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law . . . and when such local board has made a decision, it shall be binding on the parties." OCGA § 20-2-1160 (c) provides the procedure to appeal to the State Board of Education and the superior court; subsection (e) of this law provides that both the State Board of Education and the superior court review be limited solely to the record, and specifically notes that proceedings before the state board and the superior court are not de novo.

Appellant Rabon contends that the superior court erred by affirming the decision in which the local board imposed a penalty greater than that recommended by the Professional Practices Commission. We do not agree. The Code sections set out above clearly vest in the local board the power to act in regard to the termination of contract employees. The local board is free to adopt or ignore the recommendation of the Professional Practices Commission. There is nothing in the record to indicate that the Bryan County Board of Education acted upon findings of fact other than those of the tribunal. Indeed, in its letter officially notifying Rabon of his termination, the board, through its chairman, stated that the members of the board had attended the hearing and had reviewed the report of the tribunal. We find that the local board acted within its authority by imposing a sanction other than that recommended by the Professional Practices Commission.

2. We further find that the sanction of termination imposed by the local board was supported by sufficient evidence in the record. The report of the tribunal found that appellant Rabon "has discussed sexual and personal matters with certain teachers at his school in an unprofessional manner; that he made derogatory comments to teachers about both teachers and students which constitutes unprofessional conduct; and that such unprofessional discussions and comments have impeded effective communication between Mr. Rabon and certain teachers, thus reducing his competence in this area." "Further, we find that, based on a preponderance of the evidence under the charge designated, 'other good and sufficient causes' . . . Lee Rabon has intimidated certain specified teachers by remarks with sexual connotations concerning other teachers and students." OCGA § 20-2-940 (a) lists, among other reasons for termination or suspension, "incompetency" and "any other good and sufficient cause." Our review of

the record shows sufficient competent evidence to support the tribunal's findings.

3. Finally, Rabon argues that the local board terminated him because of sexual comments, and that this is improper because his remarks are protected speech under the First and Fourteenth Amendments to the Constitution. We cannot agree with this contention. It is clear from the record that the local board terminated Rabon not for his speech, but for the effect such speech had on his ability to perform his duties. The tribunal found, and there is evidence to support the finding, that Rabon's sexual remarks reduced his competency as an administrator, intimidated certain of his teachers, and created a bad atmosphere among those teachers which interfered with the goal of education. As we held in Division 2 of this opinion, this was sufficient for Rabon's termination under the law.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 30, 1985 —
REHEARING DENIED FEBRUARY 22, 1985 — 

*Richard D. Phillips*, for appellant.
*Gerald M. Edenfield, Susan W. Cox*, for appellee.