71315. TERRY v. HOUSTON COUNTY BOARD OF EDUCATION.
(342 SE2d 774)

BENHAM, Judge.

This is a discretionary appeal from an order of the Superior Court of Houston County affirming the termination of employment of a Houston County teacher by the county school board and the State Board of Education.

Before reaching the legal issue, we find it helpful to review the facts which led to this appeal. John W. Terry had been a public school teacher for over 25 years, 20 of which had been spent at Centerville Elementary School in the Houston County system. During that entire period of time he had not been the subject of any disciplinary action. In conformance with school policy, he showed movies to his physical education classes during inclement weather since there were no indoor facilities for conducting physical education classes. Mr. Terry was instructed to rent movies from Curtis Mathes, a local video rental establishment. Prior to the incident in question, Mr. Terry had rented three other movies for viewing by his classes: *Superman II, Hobo to Millionaire*, and *Buck Rogers*.

On the Saturday prior to the Tuesday incident in question, Mr. Terry, following his usual procedure, went to Curtis Mathes and selected a box cover entitled *Blue Thunder*, thinking the film was similar to the weekly television series entitled *Blue Thunder*, starring Bubba Smith and Dick Butkus. He read a summary of the movie on

the back of the box, which told of a helicopter pilot fighting governmental corruption and which contained no information about sex or profanity. But he did not see a small "R," shrouded in dark coloring, printed on the reverse side of the box in the lower left-hand corner. Mr. Terry, an elderly man, testified that even if he had seen the "R," he would not have fully understood its significance, since the last movie he had seen was *Clarence the Cross-Eyed Lion* in 1963. The box depicting the rating was not included with the video and, as was customary, the video was placed in one of the store's plastic bags upon rental.

Mr. Terry testified that when he showed the video to his 4th and 5th grade classes on March 20, 1984, he sat where he could see the students and graded papers, paying no attention to the movie. The film was shown to two classes, and on March 21, 1984, the principal informed Mr. Terry that there had been complaints from parents about the movie's contents and that he would be terminated. The notice of hearing listed the grounds for termination as incompetency, immorality, wilful neglect of duty, and other good and sufficient reasons. At the conclusion of the hearing, the termination was made final by the Houston County School Board without any written findings. The State Board of Education reached the same conclusion. The Superior Court of Houston County, in upholding the termination, surmised that the only conceivable basis for the ruling was "wilful neglect of duty." It is from the adverse superior court ruling that this appeal is brought.

Appellant enumerates as his sole error that the superior court erred as a matter of law when it held that the acts complained of amounted to "wilful neglect of duty."

As we begin consideration of this matter, we find very helpful the language of *Logan v. Warren County Bd. of Education*, 549 FSupp. 145 at 149 (1982), although that case was decided in the school board's favor on the due process issue: "States and local authorities have a compelling, legitimate interest [cit.] and broad discretion in the management of school affairs. [Cit.] Moreover, teachers and principals are . . . considered professionals whose services are affected with the public interest. It follows that state and local authorities have a legitimate interest in securing the employ only of those fit to serve the public interest. Consequently, the ability to discharge even tenured personnel when deemed necessary to the proper functioning of the schools is essential to the exercise of authority over a school system. But, in applying this authority local boards may not operate arbitrarily."

Since we are called on here to weigh the sufficiency of the evidence, our gauge for doing so is the "any evidence" rule. *Ransum v. Chattooga County Bd. of Education*, 144 Ga. App. 783 (242 SE2d

374) (1978); *Hood v. Rice*, 120 Ga. App. 691 (172 SE2d 170) (1969).

We now turn to the findings by the Superior Court of Houston County for consideration in light of the "any evidence" rule: "The evidence certainly demonstrates that [Mr. Terry] was negligent. Though the Board's decision to terminate him is silent as to the reasons therefor, the Board could have found that (1) he failed to inquire about the movie when he secured it from the dealer and did not determine its rating (R); (2) he failed to preview the movie himself prior to showing it; (3) although he was not watching the film, he was present and either failed to hear and recognize profane language or heard it and failed to take appropriate action. In any event, he failed to stop the film and in fact showed it a second time. . . . I am constrained to conclude that the board was authorized to arrive at the decision that the aforementioned acts of carelessness amounted to 'willful neglect of duty.' "

We are aware that the initial letter informing Mr. Terry of the dismissal listed several grounds: (1) immorality; (2) incompetency; (3) wilful neglect of duty; and (4) other good and sufficient reasons. However, since the superior court found evidence only as to "wilful neglect of duty" and there was no cross-appeal by the school board, we are limited in our review to consider only that ground.

The relevant statutory provision is OCGA § 20-2-940 (a) (3), which states in pertinent part: "The contract of employment of a teacher . . . having a contract for a definite term may be terminated or suspended for . . . [w]illful neglect of duties." In canvassing the cases in this state decided under this and arguably related provisions, we find a very sparse number. In *Holley v. Seminole County School*, 755 F2d 1492 (11th Cir. 1985), upon which appellee heavily relies, the Eleventh Circuit found cause for dismissal where a teacher left school without permission, failed to attend classes, failed to assume lunchroom duties after having been directed to do so, and cursed high school students. Just recently, in *Rabon v. Bryan County Bd. of Education*, 173 Ga. App. 507 (326 SE2d 577) (1985), we upheld the dismissal of a principal on the grounds of incompetency where he made sexually explicit statements to teachers and intimidated them. However, this case was decided under OCGA § 20-2-940 (a) (8), "any other good and sufficient cause." In *Logan v. Warren County Bd. of Education*, supra, dismissal was upheld where the principal had been convicted for submitting a false affidavit to the Internal Revenue Service Center. In *Dominy v. Mays*, 150 Ga. App. 187 (257 SE2d 317) (1979), which was decided on the grounds of "immorality" and "any other good and sufficient cause" under OCGA § 20-2-940 (a) (4) and (8), we affirmed a dismissal where a teacher entered a first offender plea to possession of marijuana and cocaine.

We have also looked to sister states to determine how they have

addressed the "wilful neglect of duty" issue. *State v. Jefferson Parish School Bd.*, 206 La. 317 (19 S2d 153) (1943); *Tichenor v. Orleans Parish School Bd.*, 144 S2d 603 (La. Ct. App. 1962); *School Bd. of Collier County v. Steele*, 348 S2d 1166 (Fla. Dist. Ct. App. 1977); *Slaughter v. East Baton Rouge Parish School Bd.*, 432 S2d 905 (La. Ct. App. 1983); *Cunningham v. Franklin Parish School Bd.*, 457 S2d 184 (La. Ct. App. 1984). We find in all of these cases that under the wilfulness requirement, dismissals were upheld when there was a flagrant act or omission, intentional violation of a known rule or policy, or a continuous course of reprehensible conduct. Such an approach is in line with our treatment of wilful acts in the tort arena (*Davey v. Evans*, 156 Ga. App. 698 (275 SE2d 769) (1980)); and in the criminal arena (*Kendall v. State*, 9 Ga. App. 794 (72 SE 164) (1911)). Therefore, we interpret a "willful neglect of dut[y]" under OCGA § 20-2-940 (a) (3) as being a flagrant act or omission, an intentional violation of a known rule or policy, or a continuous course of reprehensible conduct. Under either of these interpretations, "wilfulness" requires a showing of more than mere negligence.

In turning our attention to the movie *Blue Thunder*, we state at the outset that we are in no way attempting to judge the movie's merits. We have viewed the movie and have found it to contain a seven-second, silhouetted nude scene viewed from a distance, along with some mildly profane language. The central character was a police helicopter pilot and the focus was on an armored and highly versatile helicopter gunship called "Blue Thunder." The brief nude scene did not involve the genitalia nor did it or the profanity predominate in the movie. While we neither adopt the language nor condone the brief nude scene, we cannot brand this indisputably unintentional showing as "wilful neglect of duty." We deal here with a teacher who has simply been negligent, a condition not unknown to human beings.

Appellee calls our attention to a September 8, 1981, school memo dealing with guidelines for use of instructional audio-visual materials. Since that memo was not part of the record below, we are not bound to consider it. However, reliance on the memo is of no moment since it was designed to deal with instructional audio-visual material, rather than an entertainment type of "Walt Disney movie" as directed by the principal.

In finding that there was no evidence of "wilful neglect of duty" and in reversing the lower court decision, we seek not to interfere with the local school board's authority to regulate its schools; we seek only to provide guidance so that that authority will be carried out in a consistent and fair manner.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1986 —
REHEARING DENIED MARCH 18, 1986 —

O. Hale Almand, Jr., Susan S. Cole, for appellant.
Tom W. Daniel, K. Leslie Smith, for appellee.