## A97A2573. JOHNSON v. PULASKI COUNTY BOARD OF EDUCATION.

(499 SE2d 345)

BIRDSONG, Presiding Judge.

Pursuant to the grant of a discretionary appeal under OCGA § 5-6-35 (a) (1), Judy Johnson appeals the superior court's judgment reversing the decision of the State Board of Education ("State Board") which reversed the decision of the Pulaski County Board of Education ("Pulaski Board") to demote Johnson from her position as a middle school principal. Johnson contends the superior court erred by failing to affirm the State Board's determination that the notice of the charges provided Johnson by the Pulaski Board were not specific enough to satisfy the requirements of OCGA § 20-2-940 (b) (1) and (2), erred by holding that Johnson was required to file a cross-appeal regarding the State Board's decision regarding the charges, and erred by reversing the decision of the State Board that Johnson was denied due process because the chairman of the Pulaski Board failed to recuse himself from the proceedings.

Johnson had served as a middle school principal for several years when the superintendent of schools notified her of his intention to recommend to the Pulaski Board that her contract not be renewed for the 1996-1997 school year. Johnson then requested notice of the basis for this action and requested a hearing under OCGA § 20-2-940, Georgia's Fair Dismissal Law.

At the hearing, Johnson contended that she was denied due process because the notice given her before the hearing failed to give her sufficient information to allow her to prepare a defense, failed to give her enough information to allow her to understand the exact nature of the charges against her, and failed to give her enough information to allow her to show any error that might exist. Johnson also sought to have the chairman of the Pulaski Board recused from participating in the hearing because of his involvement in the allegations against her as well as his bias. The Pulaski Board, however, denied all of Johnson's challenges to the adequacy of the notice of the charges against her, did not recuse the chairman from participating in the hearing, and then upheld the decision not to renew Johnson's contract as a principal. Nevertheless, the Pulaski Board did offer her a teaching position in the schools.

After Johnson appealed the Pulaski Board's decision to the State Board, the State Board ruled that she was denied due process because the chairman of the Pulaski Board was not recused despite having a direct interest in whether Johnson continued as a principal. The State Board also considered whether the notices given Johnson were drawn with sufficient specificity, but whether the State Board ruled on this issue is a matter now before this Court. Johnson con-

tends the State Board ruled that the notices were not legally sufficient; the superior court ruled that the State Board failed to rule on the issue.

After the State Board's decision, the Pulaski Board appealed the decision to the superior court and the court reversed the decision of the State Board. The superior court found that Pulaski Board's decision on the recusal of its president was proper, and refused to consider the issue concerning Johnson's allegation regarding the specificity of the charges against her because the court found that the State Board had not ruled definitively on that issue and Johnson had not filed a cross-appeal pursuant to OCGA § 5-6-38 challenging the State Board's failure to rule on the notice issue. *Held*:

1. The superior court's review is on the record of the proceedings (OCGA § 20-2-1160 (e)) and the any evidence rule applies. *Ransum v. Chattooga County Bd. of Ed.*, 144 Ga. App. 783 (242 SE2d 374). School appeals are governed by procedures set out in OCGA §§ 20-2-940 and 20-2-1160 and do not fall within the Georgia Administrative Procedure Act. *Rabon v. Bryan County Bd. of Ed.*, 173 Ga. App. 507 (326 SE2d 577). Further, the "courts will not interfere with a local board's administration of its schools unless the board's actions are contrary to law or it appears that the board has grossly abused its discretion. [Cits.]" *D. B. v. Clarke County Bd. of Ed.*, 220 Ga. App. 330, 333 (469 SE2d 438).

2. Johnson contends the superior court erred in holding that the issue of the specificity of the charges was not properly before the superior court because the State Board did not rule on Johnson's allegation that the notice of the charges provided Johnson by the Pulaski Board was not specific enough to satisfy the requirements of OCGA § 20-2-940 (b) (1) and (2). Review of the decision of the State Board does not support the superior court's position. After setting out the standards to be employed in considering the issue, the State Board ruled: "The charges prepared in the instant case were broadly drawn and did not let Appellant fairly prepare to defend against them. . . . The charges gave a list of witnesses, but did not identify what they would be testifying about. In addition, many of the charges did not identify who was involved and the dates the events occurred when that information was necessary to present an effective defense. Although there were also some charges that were specific enough in the circumstances to permit Appellant to present a defense, it is impossible to tell what effect the evidence of the deficient charges had on the Local Board. Appellant continually raised objections based on the lack of knowledge that witnesses would be testifying about specific incidents that were not mentioned in the charge letter. The objections, however, were regularly overruled. We need not, however, detail all the charges because of our conclusion that Appellant

was denied due process when the chairman failed to recuse himself." We find that the State Board's decision on this issue, quoted above, is sufficient to constitute a ruling that the charges were not sufficient to allow Johnson to prepare a defense. The sentence that the State Board would not detail all the defective charges does not detract from this ruling. Instead, the State Board merely decided that it would not set out all the deficiencies and test for prejudice because it was reversing the decision of the Pulaski Board because of the failure to recuse the president of the Pulaski Board. Unless one is to believe that the State Board intended that Johnson's appeal would be resubmitted to the Pulaski Board based upon the same defective charges, however, the State Board's decision can only be considered a ruling that the charges were defective and must be re-drafted before presentation to the properly constituted board. Accordingly, we find that the issue of the sufficiency of the charges against Johnson was decided in her favor and, thus, was ripe for consideration by the superior court but that the Pulaski Board did not appeal that decision. Therefore, there was no need for Johnson to appeal a favorable ruling.

3. In view of our disposition of the error enumerated in Division 2, Johnson's allegation concerning the superior court holding that Johnson was required to file a cross-appeal regarding the State Board's decision regarding the charges is moot. "A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint." (Citations and punctuation omitted.) *Morgan v. Miller*, 191 Ga. App. 803, 804 (383 SE2d 183).

4. Johnson contends the superior erred by reversing the decision of the State Board that Johnson was denied due process because the chairman of the Pulaski Board failed to recuse himself from the proceedings. Johnson argues, and we agree, that Uniform Superior Court Rule 25 does not apply to school board proceedings under OCGA §§ 20-2-940 and 20-2-1160. Although OCGA § 20-2-940 (e) (4) concludes with the statement "[e]xcept as otherwise provided in this subsection, the same rules governing nonjury trials in the superior court shall prevail," this subsection concerns the actual conducting of the hearing itself and does not purport to address pre-hearing matters. Further, in any event, we find that by considering the motion to recuse as presented, the Pulaski Board waived any defects in the motion to recuse. See *Locke v. Vonalt*, 189 Ga. App. 783, 787 (377 SE2d 696); *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536). Moreover, the Pulaski Board did not challenge the proffer that Johnson's attorney made concerning the chairman's previous involvement in seeking her termination. See *Ga. Bldg. Svcs. v. Perry*, 193 Ga. App. 288, 300 (387 SE2d 898).

Accordingly, as the information available to the State Board showed only the involvement by the president of the school board in seeking Johnson's termination, we cannot say that the record does not support the State Board's decision that the Pulaski Board deprived Johnson of due process by denying her motion to recuse. *Ransum v. Chattooga County Bd. of Ed.*, supra. Although the Pulaski Board has called our attention to cases in which recusal of a member of the board was not warranted, we find them to be distinguishable from this case in which the president was personally involved in the criticism of Johnson's performance and, according to Johnson's unrebutted proffer, was personally involved in seeking her removal.

Therefore, we find that the superior court erred by reversing the State Board on this issue. Accordingly, the decision of the superior court is reversed and the case remanded to the superior court with instructions to remand the case to the Pulaski Board for further proceedings in accordance with the decision of the State Board.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED FEBRUARY 23, 1998 —
RECONSIDERATION DENIED MARCH 25, 1998

*James D. Dunham*, for appellant.
*Harben & Hartley, Sam S. Harben, Jr., Hall & Hall, J. Johnson Hall*, for appellee.

