A09A1993. CHATTOOGA COUNTY BOARD OF EDUCATION
v. SEARELS.
(691 SE2d 629)

MILLER, Chief Judge.

Following a hearing before the Chattooga County Board of Education ("Local Board"), Fannie Searels, a special education teacher, was terminated from her employment based on charges of

insubordination, wilful neglect of duties, and "other good and sufficient cause," pursuant to OCGA § 20-2-940 (a) (2), (3), and (8), respectively. Searels appealed to the State Board of Education ("State Board"), which affirmed the decision of the Local Board. Searels thereafter appealed the State Board's decision to the superior court, which reversed the State Board. Following this Court's grant of the Local Board's application for discretionary appeal, the Local Board appeals from the superior court order reversing the decision of the State and Local Boards. The Local Board argues that the superior court overstepped its authority by failing to apply the "any evidence" standard of review. We agree and reverse.

Not unlike the State Board and the superior court, this Court as an appellate body applies the "any evidence" standard of review to the record supporting the initial decision of the Local Board. *Goldwire v. Clark*, 234 Ga. App. 579, 581 (1) (507 SE2d 209) (1998); *Ransum v. Chattooga County Bd. of Ed.*, 144 Ga. App. 783, 785 (5) (242 SE2d 374) (1978); OCGA § 20-2-1160 (e).

Viewed in the light most favorable to the Local Board's decision, the record shows that Searels, a tenured teacher, had taught at Chattooga County High School for eighteen years, the last four years of which were as a special education teacher. On August 9, 2007, Searels left a note on the desk of another teacher, indicating that the teacher and another staff member "can put my students into ANY elective class — no matter how advanced — except PE — because they *cannot* do ANY of it anyway. This is *just* to please the parents." The teacher, the father of an autistic student enrolled in the school, became upset when he found the note and turned it in to the principal, Morgan Nugent. On August 10, 2007, Nugent met with Searels to discuss the note and warned her to be more careful in her oral and written comments about her students, which "could be seen by other individuals . . . [as] inappropriate."

On August 22, 2007, Searels was standing in the hallway discussing J. L., a special needs student who had cerebral palsy, with another teacher, Kevin Gilliland. During the conversation, Yolanda Wade, a teacher's assistant who worked with Searels, walked by, pushing J. L. in a wheelchair. According to Gilliland, Searels then told him that J. L.'s grandmother "thinks [J. L.'s] going to be an attorney or a doctor or a pharmacist, but he would probably be dead before he was 21." J. L. was approximately two feet away from Searels when the comment was made. Wade heard Searels' conversation and believed that J. L. had also overheard it and became upset because he nodded his head in response to Searels' statement.

On August 28, 2007, Searels wore a blue jean skirt to school that violated the dress code because the skirt's length was too short. Two days later, Nugent called Searels into his office to discuss the

YALE LAW LIBRARY

inappropriate skirt and observed that Searels' v-neck shirt exposed her bra and breasts. He then asked Searels to pin it up. On August 30, 2007, Nugent sent a written reprimand to Searels, advising her not to talk about students' medical issues in the presence of parents or other students, to follow the dress code, and to review the teacher handbook and the code of ethics.

On October 12, 2007, Superintendent Dr. Dwight Pullen sent Searels a letter notifying her that he was recommending termination of her contract for insubordination, wilful neglect of duty and "other good and sufficient cause." Further, Dr. Pullen charged Searels with removing a student's prescription medication from the school in violation of school policy.

After a hearing on October 23, 2007, the Local Board found that Searels

> committed acts of insubordination and acts constituting willful neglect of duty by repeated violations of the dress code, by making inappropriate oral comments about a student with disabilities in the student's presence, and by removing from school and taking to her home prescription medication of a student.

The Board also found that "other good and sufficient cause" existed for Searels' termination based on her "lack of professional judgment and inappropriate attitude toward students as evidenced by the above described acts as well as other actions, including preparing an inappropriate written note and making inappropriate oral statements relating to students."

The Local Board argues that the superior court erred in reversing its decision and that of the State Board by re-weighing the evidence, contrary to the "any evidence" standard of review. We agree.

Georgia's Fair Dismissal Act, codified at OCGA § 20-2-940 (a), provides that a teacher may be terminated for any of the following grounds: ". . . (2) Insubordination; (3) Willful neglect of duties; . . . or (8) Any other good and sufficient cause. . . ." Any one of these grounds is sufficient to terminate a teacher's contract. See *Ransum*, supra, 144 Ga. App. at 783 (1) (any evidence of incompetence, insubordination, and/or wilful neglect of duties is a sufficient basis for nonrenewal of a teacher's contract). Further, as the initial factfinder, it was within the Local Board's purview to weigh the evidence and determine the credibility of the witnesses. Id. at 785 (5) ("[T]he appellate courts of this State have followed the policy of refusing to nullify facts supported by evidence which have been found by the various fact-finding bodies.") (citation and punctuation omitted).

(a) *Insubordination and wilful neglect of duties.* Given that insubordination and wilful neglect of duties both involve an intentional violation or refusal to comply with a known rule, we address these grounds together. In *Brawner v. Marietta City Bd. of Ed.*, 285 Ga. App. 10, 12 (646 SE2d 89) (2007), we construed insubordination to mean "willful disobedience of, or refusal to obey, a reasonable and valid rule, regulation or order issued by the school board or an administrative superior." Similarly, a wilful neglect of duty is demonstrated by "a flagrant act or omission, intentional violation of a known rule or policy, or a continuous course of reprehensible conduct." *Terry v. Houston County Bd. of Ed.*, 178 Ga. App. 296, 299 (342 SE2d 774) (1986). Mere negligence is insufficient to show a wilful neglect of duty. Id.

Here, the record showed that on August 10, 2007, Nugent met with Searels to discuss a written note she had placed on another teacher's desk denigrating the abilities of her students to perform elective classes. He warned Searels not to make inappropriate comments, either orally or in written form, about her students, which could be perceived by others as reflecting poorly on the school's expectation for its students. Searels admitted that it was an error of judgment. Less than two weeks later, on August 22, 2007, Searels openly violated Nugent's August 10 warning against commenting inappropriately about students by stating to a fellow teacher, in J. L.'s presence, that J. L. "would probably be dead before he was 21[ ]" despite his grandmother's high hopes for him in the future. The evidence showed that J. L. heard Searels' remark and he was very upset by it. There was also evidence that Searels admitted removing a student's prescription medication from school, contrary to school policy.

Given the foregoing, we conclude that the Local Board's decision to terminate Searels for insubordination and wilful neglect of duties was supported by the evidence, and the superior court's ruling to the contrary was error. *Goldwire*, supra, 234 Ga. App. at 581 (1); *Ransum*, supra, 144 Ga. App. at 785 (5). See also *Clinch County Bd. of Ed. v. Hinson*, 247 Ga. App. 33, 36 (1) (543 SE2d 91) (2000) ("The superior court should not interfere with a local board's administration of its schools unless the board has grossly abused its discretion or acted arbitrarily or contrary to law.") (footnote omitted).

(b) *"Other good and sufficient cause."* The term "other good and sufficient cause" has not been specifically defined by our courts; however, we have held that derogatory comments made to a teacher concerning a student provides such a basis for a teacher's termination. See *Rabon v. Bryan County Bd. of Ed.*, 173 Ga. App. 507, 508 (2) (326 SE2d 577) (1985). The evidence shows that Searels twice commented inappropriately as to her special education students by

her August 9 note declaring her students incapable of performing electives and, in J. L.'s presence, orally declaring that he would be dead by the age of 21. Searels herself recognized the impropriety of her oral statement, apologized for it, and took responsibility for "her lack of better judgment." The statement had "no educational purpose" and only served to weaken Searels' credibility and effectiveness as J. L.'s mentor and educator. Under these circumstances, we find that the record shows sufficient competent evidence to support the Local Board's finding of "other good and sufficient cause" to support the termination of Searels' employment contract.

Based on the foregoing, we reverse the decision of the superior court.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 9, 2010.

*Harben, Hartley & Hawkins, Phillip L. Hartley, Brian C. Smith,* for appellant.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Ivy S. Duggan,* for appellee.