**FIRST DIVISION
DOYLE, C. J.,
PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 25, 2016**

# In the Court of Appeals of Georgia

A15A2172. ATLANTA INDEPENDENT SCHOOL SYSTEM v.
      WARDLOW.

PHIPPS, Presiding Judge.

The Atlanta Independent School System[1] ("AISS") decided not to renew Hezekiah Wardlow's employment contract. The Atlanta Board of Education upheld the non-renewal following a hearing, and Wardlow appealed to the State Board of Education, which sustained that determination. Wardlow appealed the State Board's decision to the Superior Court of Fulton County. The superior court reversed the State Board, and we granted AISS's application for discretionary review. For reasons that follow, we reverse.

---

[1] Throughout the record, the Atlanta Independent School System is also referred to as Atlanta Public Schools.

In reviewing a local school board's termination decision, we – like the State Board and the superior court – construe the record favorably to the local board's ruling and affirm if any evidence supports it.[2] Neither this court nor the superior court may substitute its judgment for that of the school board unless the school board's judgment violates the law.[3] And we must presume that the school board's actions are reasonable, rather than arbitrary or capricious, unless clear evidence demonstrates otherwise.[4] Appellate review is deferential because

> states and local authorities have a compelling, legitimate interest and broad discretion in the management of school affairs. Moreover, teachers and principals are considered professionals whose services are affected with the public interest. It follows that state and local authorities have a legitimate interest in securing the employ only of those fit to serve the public interest.[5]

---

[2] See *King v. Worth County Bd. of Ed.*, 324 Ga. App. 208 (749 SE2d 791) (2013); *Chattooga County Bd. of Ed. v. Searels*, 302 Ga. App. 731, 732 (691 SE2d 629) (2010).

[3] *King*, supra.

[4] Id.

[5] Id. (citation and punctuation omitted).

So viewed, the record shows that in the Spring of 2009, Wardlow was employed by AISS as the testing coordinator for the annual Criterion-Referenced Competency Test ("CRCT") and other standardized tests at Toomer Elementary School ("Toomer"). The CRCT is a Georgia-mandated test that evaluates student progress. As testing coordinator, Wardlow oversaw test security, assigned proctors, and coordinated inspection of all completed tests before delivering them to the school system's overall test coordinator.

Following the 2009 CRCT, the Governor's Office of Student Achievement ("GOSA") noticed anomalies in the Toomer test results, including a high number of wrong-to-right erasures on the test papers. A statistical expert analyzed the data, concluding that, given the number of "highly unusual wrong to right erasures," cheating had occurred at Toomer. GOSA subsequently issued a report, and based on the report's findings, AISS placed Wardlow on paid administrative leave. On May 21, 2012, the Georgia Professional Standards Commission ("PSC") notified Wardlow that it had probable cause to believe that he had been involved in testing irregularities at Toomer, in violation of the Code of Ethics for Georgia educators. It thus recommended that his teaching certificate be revoked. Two weeks later, on June 5, 2012, AISS informed Wardlow that his employment contract would not be renewed.

3

A termination hearing was held before an AISS tribunal pursuant to the Fair Dismissal Act.[6] The tribunal determined that a preponderance of the evidence supported non-renewal. Specifically, it found that the recommended revocation of Wardlow's teaching certificate, as well as his implication in cheating allegations, had caused the school superintendent to lose confidence in his ability to be an AISS educator. It further concluded that these circumstances constituted "Other Good and Sufficient Cause [under the Fair Dismissal Act] so as to justify non-renewal." The Atlanta Board of Education adopted the tribunal's findings and affirmed.

Wardlow appealed to the State Board of Education, which found that the evidence supported the loss-of-confidence determination. The State Board explained that, in previous cases, it had upheld terminations where a local board lost confidence in an educator based on a PSC recommendation. And in this case, statistical data indicated that cheating had occurred on a test that Wardlow oversaw. It thus sustained the local board's decision. On further appeal, the superior court reversed. It found that the State Board had acted arbitrarily and capriciously in relying on the PSC recommendation, which it categorized as hearsay, and the GOSA investigation, which

---

[6] See OCGA § 20-2-940 (e); see also *Moulder v. Bartow County Bd. of Ed.*, 267 Ga. App. 339, 340 (599 SE2d 495) (2004) ("OCGA § 20-2-940 is referred to as Georgia's Fair Dismissal Act.") (footnote omitted).

4

offered no admissible evidence that Wardlow had acted improperly. The superior court also concluded that the State Board's decision was "not based upon any competent or probative evidence."

We disagree. Pursuant to the Fair Dismissal Act, an educator may be terminated for seven specified grounds, as well as "[a]ny other good and sufficient cause."[7] The phrase "other good and sufficient cause" has not been specifically defined by our courts or the legislature.[8] Under these circumstances, the interpretation given by the State Board – the governmental agency charged with enforcing the Act – is entitled to great weight.[9] As we have explained:

> Where statutory provisions are ambiguous, courts should give great weight to the interpretation adopted by the administrative agency charged with enforcing the statute. Although the appellate court is not bound to blindly follow an agency's interpretation, we defer to an

---

[7] OCGA § 20-2-940 (a) (8). The seven specified grounds are: (1) incompetency; (2) insubordination; (3) wilful neglect of duties; (4) immorality; (5) inciting, encouraging, or counseling students to violate a law, ordinance, policy, or rule; (6) to reduce staff due to loss of students or program cancellation; and (7) failure to secure and maintain necessary educational training. OCGA § 20-2-940 (a).

[8] See *Chattooga County*, supra at 734 (b).

[9] *Moulder*, supra.

5

agency's interpretation when it reflects the meaning of the statute and comports with legislative intent.[10]

On appeal, Wardlow argues that "good and sufficient cause" arises only when there is proof that the educator actually engaged in intentional or wilful misconduct. He cites several prior decisions of the State Board to support his position. In this case and on other occasions, however, the State Board has interpreted "good and sufficient cause" as permitting non-renewal when a superintendent loses confidence in an educator's ability to perform following a PSC revocation recommendation. This interpretation is not unreasonable or arbitrary. Nothing in the statutory language precludes it,[11] and it comports with the legitimate interest State and local authorities have in employing educators who are fit to serve the public interest.[12]

Moreover, the evidence supports a loss-of-confidence finding here. Statistical analysis of wrong-to-right erasures at Toomer showed that significant cheating took place on a test supervised by Wardlow. According to the AISS Deputy

_____

[10] Id. at 341 (punctuation and footnote omitted).

[11] See OCGA § 20-2-940 (a).

[12] See *King*, supra. See also *Dukes-Walton v. Atlanta Independent School System*, __ Ga. App. __ (1) (Case No. A15A2296, decided March 11, 2016) (finding that State Board's interpretation of "good and sufficient" cause was authorized).

Superintendent for Curriculum and Instruction, when AISS learned that the PSC had recommended revocation of Wardlow's teaching certificate, the school district became concerned that retaining him would raise issues of trust and integrity with other employees, as well as parents and students in the community. Ultimately, the PSC recommendation, as well as the cheating allegations that developed during GOSA's investigation, caused the district to lose "all confidence" in Wardlow's ability to serve as an AISS testing coordinator and educator.

The superior court dismissed evidence of the PSC recommendation and GOSA investigative analysis, concluding that this evidence contained unproven, hearsay allegations that should not have been considered by the tribunal or the local board. The evidence, however, was not admitted at the hearing to prove that Wardlow actually engaged in testing irregularities at Toomer. In fact, the hearing officer instructed the tribunal that, other than certain statistical data,[13] the allegations and statements in the analysis and PSC recommendation should not be considered or taken as fact.

Instead, the information was admitted – and relied upon by AISS – as evidence that the cheating allegations and PSC revocation recommendation *existed*, causing the

---

[13] Wardlow did not object to admission of the statistical data.

school district to lose confidence in Wardlow's ability to function as a testing coordinator. The evidence explained why AISS took the action it did. Namely, when the cheating allegations arose and the PSC recommended revocation of Wardlow's teaching certificate, it determined that his ability to work in the district as an educator had been undermined. The evidence was not hearsay.[14]

"[T]he superior court should not interfere with a local board's administration of its schools unless the board has grossly abused its discretion or acted arbitrarily or contrary to law."[15] The evidence shows that AISS decided not to renew Wardlow's

---

[14] See *Club S. Burlesque v. Carrollton*, 265 Ga. 528, 530 (2) (457 SE2d 816) (1995) (evidence of studies relied upon by city in crafting adult entertainment ordinance was not hearsay; the evidence was admitted to show that the city relied upon outside studies, not to prove the "veracity and competency of the studies themselves or their authors"); *Avery v. Colonial Pipeline Co.*, 213 Ga. App. 388, 391 (2) (444 SE2d 363) (1994) ("Where evidence is offered to establish the fact that something was said, not the veracity of its content, it is admissible to explain conduct and ascertain motives, not as hearsay, but as original evidence.") (citation and punctuation omitted). See also *Walker v. State*, 308 Ga. App. 176, 183 (3) (707 SE2d 122) (2011) ("An out-of-court statement is original evidence, not hearsay, when used as proof that such a statement was made and not offered as evidence to prove the truth of the matter asserted.") (footnote and emphasis omitted); *MARTA v. Allen*, 188 Ga. App. 902, 905 (2) (374 SE2d 761) (1988) (incident reports of prior robberies in MARTA parking lot not hearsay where reports were offered to show incidents had been reported to MARTA, not to prove that robberies occurred).

[15] *Clinch County Bd. of Ed. v. Hinson*, 247 Ga. App. 33, 36 (1) (543 SE2d 91) (2000) (footnote omitted).

teaching contract because the district lost confidence in his ability as an educator –

and particularly a testing coordinator – after the Toomer cheating allegations came

to light and the PSC sought to revoke his teaching certificate. Interpreting the Fair

Dismissal Act, the State Board concluded that such loss of confidence provided good

and sufficient cause for his termination. Neither this determination, nor the local

board's non-renewal decision, was arbitrary or constituted a gross abuse of discretion.

Accordingly, the trial court erred in reversing the State Board's decision affirming the

local board.[16]

*Judgment reversed. Doyle, C. J., and Boggs, J., concur.*

---

[16] See *Chattooga County*, supra at 734 (b) (because competent evidence supported local board's "good and sufficient cause" determination, superior court overstepped its bounds by reversing board's decision); *Moulder*, supra at 346-347 (superior court erred in reversing State Board's authorized interpretation of Fair Dismissal Act).