## 46896. BLACKWOOD v. CITY OF SOCIAL CIRCLE.

BELL, Chief Judge. 1. In his petition for certiorari brought by the appellant in the superior court to review his conviction in recorder's court of a violation of a city ordinance, a constitutional question as to the validity of the ordinance concerned was presented. This issue was not raised in the recorder's court and cannot be raised for the first time on certiorari in the superior court. Neither can this court review the constitutional question thus sought to be made. *Jones v. Mayor &c. of Athens,* 105 Ga. App. 86 (123 SE2d 420).

2. (a) One of the grounds asserted in the petition for certiorari is that appellant did not receive a fair and impartial hearing as the recorder acted as prosecutor, judge, and

jury at his trial. This is obviously a challenge of a denial of due process under the constitutional clause and its decision requires a mere application of that provision. This claim stems from a colloquy that ensued between appellant's counsel and the recorder where the recorder stated "I'm sitting here as judge and prosecutor of the police court" and "it's my duty under that ordinance, under the charter, to prosecute the cases brought before me by the police—chief of police—and it's my duty to examine these witnesses in any lawful manner that is provided by law." Notwithstanding this remark of the Recorder, the transcript of the proceedings does not show that during the trial he acted in any other manner than as an impartial finder of the facts of a case in controversy. Established rules of procedure were utilized in the case, and the trial as a whole was conducted in an orderly manner. It is true that the recorder examined witnesses in support of the charge laid against this defendant and examined the defendant's witnesses. But it does not appear that the recorder became a partisan advocate and abandoned his role as a judge. Due process challenges, in order to be upheld, must demonstrate such fundamental unfairness as to preclude the possibility of a fair trial. *Landers v. Smith,* 226 Ga. 274, 276 (174 SE2d 427). The conduct of the trial in this case is a situation which from our experience is common in inferior judicatories of this type. The mere absence of any representation on behalf of the city does not ipso facto show that trials conducted in these courts are shams or constitute gross outrages against the defendants. Denials of due process must be shown by improper events occurring at the trial. Here, the defendant was represented by counsel, was permitted to cross examine witnesses, received many favorable rulings on objections to evidentiary questions from the recorder, and was allowed to call witnesses in his defense. There is nothing to demonstrate that in this case there was a fundamental unfairness precluding the possibility of a fair trial.

(b) The petition for certiorari in this case was answered by the recorder. That is the proper procedure under *Code* § 19-303. The superior court in passing upon the certiorari entered an order stating that the recorder was qualified to represent the city in spite of the fact that it was his judgment that was appealed. This was erroneous as it is improper for a judge who has tried a case and entered a judgment to appear in the attitude of counsel in the appellate court. *Holliman v. Mayor &c. of Hawkinsville,* 109 Ga. 107 (3) (34 SE 214). Other than filing the answer to the certiorari it does not appear in the record what, if anything, the recorder did by way of representation of the city when the case was heard by the judge of the superior court. This error was harmless.

3. There is no merit in the ground that the ordinance for which this defendant stands convicted was unconstitutionally applied to him.

4. The evidence authorizes the finding of guilty.

The judgment of the superior court dismissing the certiorari is

*Affirmed. Eberhardt and Evans, JJ., concur.*

ARGUED JANUARY 31, 1972—DECIDED MARCH 8, 1972.

*Campbell & Campbell, W. K. Campbell,* for appellant.
*H. O. Godwin,* for appellee.