56721. WRIGHT et al. v. MONROE COUNTY BOARD OF EDUCATION.

BANKE, Judge.

The appellants are interested citizens who contest the decision of the Monroe County Board of Education to build a new comprehensive high school in their neighborhood. Following approximately two years of discussion and planning, the local board decided on July 6, 1977, to acquire options for the purchase of a site on Montpelier Avenue in Forsyth, Georgia. Objecting that this site would result in excessive traffic in the area, the appellants requested that the board hold a hearing on the matter pursuant to Code Ann. § 32-910 (as amended by Ga. L. 1977, p. 875). Prior to the hearing, the appellants obtained contracts for the purchase of most of the property involved and made a proposal to transfer the land to the local board with no road frontage. The board studied this

proposal and rejected it.

When the hearing began on October 18, 1977, the appellants made a motion that the local board members disqualify themselves on the ground that they were biased in favor of their prior decision to locate the school on the Montpelier site. This motion was denied after the members were polled and each stated that he or she intended to listen to the evidence with an open mind.

During the hearing, evidence was presented both in favor of and in opposition to the Montpelier location. There was no evidence, however, that the selection of the Montpelier site was illegal or that the local board had acted illegally in making its decision. Nor was there any intimation that any of the board members had acted out of private rather than public interest in selecting the site. After all of the evidence had been presented and after the members had personally inspected an intersection which the appellants contended would become a traffic hazard if the school were built as planned, the board voted unanimously to acquire the Montpelier site.

The appellants appealed to the State Board of Education, which referred the case to a hearing officer for recommendations. Based on its own review of the record and on the report and recommendations of the hearing officer, the state board issued an order on February 9, 1977, affirming the local board's decision. The appellants then appealed to superior court, pursuant to Code Ann. § 32-910, supra, which, on June 12, 1978, affirmed the decision of the state board. The superior court also adopted as its own the findings of fact and conclusions of law of the state board's hearing officer; but, like the state board, it did so on the basis of its own review of the record. This appeal followed.

The appellants assert that a hearing held pursuant to Code Ann. § 32-910, supra, is a judicial proceeding in which the school board members sit as judges and are subject to the Code of Judicial Conduct, reported at 231 Ga. A-1. They contend that the board members violated Canon 3C (1) of the Code (231 Ga. at A-5), which requires a judge to disqualify himself whenever "his impartiality might reasonably be questioned . . .," because the board had already expressed its opinion on which site should be

selected for the new school. They further contend that the members demonstrated bias during the hearing by certain of their actions and rulings. It is not alleged, however, that the decision to purchase the Montpelier site constituted an abuse of discretion or that it was otherwise illegal. *Held:*

Assuming arguendo that the Code of Judicial Conduct is applicable to members of a local board of education presiding at a § 32-910 hearing, we do not agree that Canon 3C (1) was violated in this case. As stated previously, the appellants do not contend that any of the board members had either a financial or a personal interest in the outcome of the controversy or that their decision was otherwise motivated by private concerns. Rather, their position is that the members' impartiality was inherently called into question because they were reviewing their own previous decision to purchase the Montpelier property. To accept this contention, however, would be to rule that a local school board was never the proper forum to hear objections to its own administrative decisions. Code Ann. § 32-910 clearly provides otherwise. See *Patterson v. Boyd,* 211 Ga. 679 (2) (87 SE2d 861) (1955).

"Of course, if it was true that the [board] had actually made up its mind, in advance of the public hearing, that it was going to approve the proposed [purchase] regardless of any changes or arguments in opposition which might be urged at the hearing, the final action of the [board] . . . would be clearly illegal, since the whole purpose of the public hearing would have been thwarted." Pecora v. Zoning Comm. of Town of Trumbull, 145 Conn. 435 (144 A2d 48, 53) (1958). The appellants vigorously maintain that the board conducted the hearing in such a way as to demonstrate such prejudgment of the case. However, the most that can be said in support of this contention is that the chairman asked questions on occasion which appear to have been calculated to elicit testimony favorable to the Montpelier location. On the other hand, each board member, including the chairman, stated at the outset that it was his or her intention to hear the evidence with an open mind; and the appellants do not deny that they were afforded a full and complete opportunity to present their

case over the course of the 2-day hearing. Thus, the conclusion of the state board and the trial court that prejudice was not shown cannot be held erroneous as a matter of law. We agree with the hearing officer for the state board, however, that in a different situation, such as where it is reviewing charges of individual misconduct, the local board might be held to a higher standard in the conduct of the proceedings than where, as here, a purely administrative decision is involved.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED OCTOBER 4, 1978 — DECIDED JANUARY 11, 1979 — REHEARING DENIED FEBRUARY 1, 1979 — 

*Clarke, Haygood & Lynch, Harold G. Clarke, King & Spalding, Frank C. Jones,* for appellants.
*W. Ashley Hawkins,* for appellee.