### 57655. LONG COUNTY BOARD OF EDUCATION v. OWEN.

BIRDSONG, Judge.

The appellee in this case, William T. Owen, was the principal of the only school in the school system of Long County. He was a tenured teacher and as such could have his contract of employment terminated only in accordance

with Ga. L. 1975, pp. 360, 364 (Code Ann. § 32-2103c). That statute in pertinent part provides that when the local board of education has *tentatively* decided not to renew the contract of a tenured employee, written notification shall be given to the employee of that tentative decision not later than April 15, prior to the ensuing school year. The employee has the right to demand, by not later than May 1, a written statement of the reasons for the non-renewal and a hearing to inquire into those reasons. A reasonable time must be afforded before the hearing but not less than ten days. The hearing shall be before the local board, or the board may designate a tribunal or may refer the matter to a tribunal constituted by the Professional Practices Commission.

In this case, the local board in Long County informed Owen prior to April 15 that his contract would not be renewed in the ensuing school year. Thus, the board indicated that it had formed more than a tentative decision to non-renew the contract but had expressly determined not to renew. Four days later, the board hired a new principal for the ensuing year, thus confirming its intent not to renew Owen's contract. Owen demanded a listing of charges and the local board supplied a list of 17 charges. A hearing was conducted by the local board in early June. After three days of hearings at which many witnesses were called and subjected to direct and cross examination by counsel for Owen, the local board sustained nine of the charges and rejected eight. Owen's principal defense was an attempt to show that the evidence did not support any of the charges. At no time did Owen attempt to show that the local board was biased or seek the members to recuse themselves, or request that the local board refer the hearing to one of the other tribunals authorized by statute. The local board upheld the decision to non-renew Owen's contract in the ensuing school year. Owen, being dissatisfied with the decision of the board, sought an appeal to the State Board of Education. That board appointed a hearing officer. After a review of the evidence and considering the objections made by Owen, the hearing officer reversed the decision of the local board, holding that the local board was not impartial in its decision. The decision was not based upon

an evaluation of the sufficiency of the evidence to support the findings of the local board (which is governed by the "any evidence" rule), but was in response to an enumeration of bias and prejudice raised by Owen for the first time upon appeal. The local board appealed to the State Board of Education which adopted the findings and conclusions made by the hearing officer. The local board then appealed to the superior court which likewise affirmed the State Board of Education on the sole ground that Owen had been denied due process of law in that the local board had already made up its mind prior to the hearing. The appeal to this court then followed. *Held:*

1. The appellant, Long County Board of Education, strenuously contends that Owen cannot raise the matter of due process for the first time upon appeal. Our examination of the record discloses that Owen was advised by the Long County Board of Education that he was not acceptable after the completion of the school year. The record is replete with evidence that Owen previously had been at dispute with the chairman of the board on many issues in the administration of the school system. Owen was aware that a new principal had been hired. He was aware that at his request the board had prepared a list of 17 charges. He sought a hearing and was granted a hearing before the board with whom he had been at loggerheads, and which had prepared the list of charges. He did not challenge the partiality of these board members but sought to prove to their satisfaction that the charges could not be supported. Only after he lost half the battle (but including his job) did he complain about their alleged predisposition. We cannot help but observe that Owen could find himself in the enviable position of defending himself before the local board with hopes of defeating the charges, but also believing that if he were unsuccessful, he could challenge the board's findings based upon bias and have a "second bite of the apple" before a second tribunal. We believe that just such situations give rise to the well-established principle that a party cannot during the trial of an issue ignore what he thinks to be an injustice, take his chances upon a favorable verdict and complain later. *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Gibbons v. State,* 136 Ga. App.

609, 610 (222 SE2d 55). Stated otherwise, appellate courts exist for the correction of trial error, where proper objection is taken. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794). See *Johnson v. Heifler,* 141 Ga. App. 460, 461 (233 SE2d 853).

The hearing officer recognized this limitation on Owen's appellate rights but concluded, without citing any authority for his conclusion, that when it is clear to the reviewing body that the trier of fact could not make an unbiased decision, the reviewer is not restricted by the failure to object. But even constitutionally protected rights may be waived. See *Robinson v. State,* 226 Ga. 461 (175 SE2d 505); *Burch v. State,* 141 Ga. App. 173 (233 SE2d 31). In its opinion, the superior court recognized the applicability of the "any evidence" rule, but also concluded that it was proper to examine the record for possible bias in the hearing. In support of its decision to do so, the superior court cited numerous federal district court decisions. These decisions do equate a hearing at which the matter for adjudication had already been decided by the fact finder to be divested of due process. See Davis v. Griffin-Spaulding County, Georgia, Board of Education, 445 FSupp. 1048 (N. D. Ga., 1976); Bhargave v. Cloer, 355 FSupp. 1143 (N. D. Ga., 1972); Callaway v. Kirkland, 334 FSupp. 1034 (N. D. Ga., 1971). We note however, that in each of these cases, the issue of bias had been raised at the trial level and was preserved on appeal, and no issue of waiver was presented.

In this case the reviewing authorities acknowledge that the record is absent any complaint that the local board could not impartially consider the evidence; there is no contention that the local board was statutorily disqualified; nor is there any evidence in the record of a complaint that the local board in fact was biased. To the contrary, the record shows that though the local board preferred 17 charges against Owen, upon a full hearing, the board found eight of those charges non-supportable. In the absence of an objection to the tribunal on grounds of

bias or a showing that the board was in fact biased, there is nothing to demonstrate trial error or that in this case there was fundamental unfairness precluding the possibility of a fair trial. See *Wright v. Monroe County Bd. of Ed.,* 148 Ga. App. 845 (253 SE2d 210); *Blackwood v. City of Social Circle,* 125 Ga. App. 676 (188 SE2d 823). We conclude that the hearing officer, the State Board of Education, and the superior court erred in considering for the first time on appeal an objection to the competency of the trier of fact for lack of impartiality.

2. We note that none of the reviewing bodies have considered the sufficiency of the evidence to support the findings of the local board, nor determine if any other substantive errors are presented for their review. In view of the conclusions reached in Division 1 of this opinion, we reverse the judgment of the superior court and return the record to that court for further consideration in the light of this opinion.

*Judgment reversed with direction. Quillian, P. J., and Smith, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED MAY 14, 1979 — REHEARING DENIED JUNE 7, 1979 — 

*Richard D. Phillips,* for appellant.
*James David Dunham,* for appellee.