### 35286. OWEN v. LONG COUNTY BOARD OF EDUCATION.

UNDERCOFLER, Chief Justice.

This certiorari involves the firing of a principal from the Long County school system by serving notice under Georgia's "Fair Dismissal Law" that his contract would not be renewed for the following school year. Code Ann. § 32-2101c et seq. (Ga. L. 1975, pp. 360-364).

We are concerned only with answering two questions of procedural law arising under the circumstances of the case: First, was the local board's notice of non-renewal to Owen a violation of Code Ann. § 32-2103c? Second, subsequent to a hearing at which the local board reaffirmed its decision not to renew Owen's contract, was his claim of bias, raised for the first time in a list of contentions submitted on appeal to the State Board of Education, timely filed? For a more complete statement of the facts, see *Long County Bd. of Ed. v. Owen,* 150 Ga. App. 245 (257 SE2d 212) (1979).

We conclude the local board did not violate Code Ann. § 32-2103c by the form of its notice nor by hiring a replacement principal four days after the notice was mailed; furthermore, the issue of bias was not properly before the State Board of Education under Code Ann. § 32-910. Accordingly, we affirm the judgment of the Court of Appeals.

1. The language of Code Ann. § 32-2103c is plain and unambiguous.[1] Its intent is to require notice and a meaningful hearing when the local board tentatively decides not to renew the contract of a tenured principal or teacher. Owen contends, however, that the plain

---

[1]The pertinent part of Code Ann. § 32-2103c reads: "*Non- renewal or demotion after three years' service. . .* When the local school superintendent or board of

language of the notice letter[2] he received, followed by the hiring of his replacement four days later, were final decisions, violating the statute and denying him procedural due process.

We have no difficulty in holding the local board's decision can be announced in the form of the notice sent to Owen, for if he did not request a list of charges and a hearing within the specified statutory period permitted, the decision of the board becomes final and conclusive as a matter of law.[3] Further, § 05-313, Appeal Policy, State Board of Education, recognizes that many of the local board's decisions are ex parte and a request for charges or a hearing by an aggrieved party is treated as a motion for reconsideration.

We need not reach a different conclusion where the local board, while waiting for the employee to make an

_____

education has *tentatively* decided not to renew the contract in the third successive year of any such teacher . . . or any subsequent year thereafter . . . written notification of such *tentative* decision shall be given . . . not later than April 15 prior to the ensuing school year and any teacher . . . so notified shall have the right to request the local school superintendent or local board of education, in writing, by not later than May 1, thereafter, to furnish . . . a written statement of the reasons on which the non-renewal of the contract was based. . . " (Emphasis supplied.)

[2]By letter dated April 12, 1977, the local board notified Owen as follows: "Dear Mr. Owen: This is to inform you that the Long County Board of Education will not rehire you for the 1977-78 school year. Sincerely, Marcus H. Nobles."

[3]See *Boney v. County Bd. of Ed. of Telfair County,* 203 Ga. 152, 153 (1-b) (45 SE2d 442) (1947), where a decision of the local board, not objected to, becomes final. Also, this procedure can have a salutary effect upon an employee where he does not wish to contest the reasons for his dismissal, for under these conditions, the board may not be forced to make the reasons a part of a permanent record. See Ferguson v. Thomas, 430 F2d 852, 857 (5th Cir. 1970).

election to challenge the board's decision, proceeds to hire a replacement four days later. The details of that contract are not at issue here, and though it may tend to show that the local board considered its action regarding Owen final prior to the hearing, it is not conclusive as to that fact, and it does not foreclose Owen's reappointment if he is successful in refuting the charges at the hearing or in overturning an adverse decision by the local board on appeal. Therefore, we would construe the word "tentative," as used in Code § 32-2103c as meaning a decision that will otherwise be final unless good cause is shown to set it aside.

2. We also conclude the State Board of Education lacked jurisdiction to consider the bias issue. "The provisions of the law which specify the essentials of an appeal show that only the decisions of the county board *made on disputed issues* are appealable. If there has been no issue heard and decided by the county board, there can be no parties and no testimony which the law authorizing an appeal contemplates." (Emphasis supplied.) *Boney v. County Bd. of Ed. of Telfair County,* supra, pp. 155-156. Accord, *Meadows v. Bd. of Ed. of Paulding County,* 136 Ga. 153 (71 SE 146) (1911); Code Ann. § 32-910 (Ga. L. 1977, eff. Mar. 23, 1977).[4] It necessarily follows that an aggrieved party's list of contentions, submitted to the state board on appeal, must relate to contested issues at the hearing below and cannot raise new issues. Code Ann. § 32-910 (e); *Boney v. County Bd. of Ed. of Telfair County,* supra, at p. 155.

3. After carefully reviewing this record, and in the absence of any failure by the local board to conform to the statutory procedures and regulations of the State Board of Education, we must conclude, as did the Court of Appeals, that Owen effectively waived his due process claim by failing to assert it before the local board.

---

[4]Code Ann. § 32-910, as re-written in 1977, reads in pertinent part: "Any party aggrieved by a decision of the local board of education *rendered on a contested issue* after a hearing shall have the right to appeal therefrom to the State Board of Education. . ." (Emphasis supplied.)

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 22, 1980 — DECIDED APRIL 8, 1980 —
REHEARING DENIED APRIL 22, 1980.

*James David Dunham,* for appellant.
*Richard D. Phillips,* for appellee.