37797, 37798. HARVEY v. KING et al.; and vice versa.

JORDAN, Chief Justice.

This appeal and the cross-appeal raise procedural issues under Georgia's "Fair Dismissal Law." Ga. L. 1975, p. 360. Code Ann. § 32-2101c et seq.

Lois M. Harvey, a school teacher, appeals in Case No. 37797 from judgment denying recovery of the salary she would have received as a teacher in the Chattooga County School System during the school years 1979-1980 and 1980-81, and denying mandamus absolute requiring her reinstatement to her teaching position.

The Chattooga County Board of Education and its superintendent of schools appeal in Case No. 37798 from judgment allowing the teacher to recover the salary she would have received during the school year 1978-79.

The teacher was tenured and was under contract for the school year 1978-79. On the evening of August 20, 1978, the day before preschool planning was to begin, she was hospitalized as a result of an overdose of a medication she was taking for a medical condition. On the next day, persons acting in her behalf notified the school system of her condition and were told that the school officials were aware of her hospitalization.

She remained in the hospital until September 19, 1978, and was advised by the school superintendent thereafter to contact him when she was ready to return to work. On or about October 4, 1978, she advised the superintendent that she was ready to return to work part-time. The superintendent told her he would "find out from the Board."

At the next board of education meeting, the board asked her to see a doctor of their choosing. Arrangements were made by school

officials for her to see two physicians chosen by the school system, and she was driven to these appointments on October 31, 1978, and November 6, 1978, by a school system employee.

On November 9, 1978, she advised the school system that she was ready to return to full-time employment. She was told that the school system would have to await reports from the two doctors.

On or about December 15, 1978, she was notified by the superintendent by mail that she would not be reemployed in accordance with a vote of the Chattooga County Board of Education.

The physicians' reports had recommended that she return immediately to full employment.

She thereafter was advised by the board of education that the provisions of the Fair Dismissal Law, Code Ann. § 32-2101c, et seq., did not apply to her. The present action then was filed.

The trial court upheld her entitlement to her 1978-79 salary but not to any salary for subsequent school years or to reinstatement as a teacher. We affirm for the reasons stated in this opinion.

### 1. *The Appeal. Case No. 37797*

The teacher seeks recovery of the salaries she would have received during the school years 1979-80 and 1980-81, and mandamus absolute requiring her reinstatement to her teaching position, on the ground that the school system did not comply with Code Ann. § 32-2103c pertaining to nonrenewal of the teaching contracts of tenured teachers. The question thus presented is whether the letter dated December 14, 1978, that she received on or about December 15, 1978, from the school superintendent was sufficient to notify her that the school board would not reemploy her for the school year 1979-80, thereby activating provisions of that section requiring the board to furnish her with a written statement of reasons for nonrenewal, if timely requested by her in writing.

The December 14, 1978, notification was timely. Code Ann. § 32-2103c requires the teacher to be notified of a decision not to renew her contract by "not later than April 15 prior to the ensuing school year."

The notification read as follows: "The Chattooga County Board of Education took action in response to your request for employment in its regular meeting, December 11, 1978. The board unanimously voted not to re-employ you in the Chattooga County School System." This notice was sufficient to require the teacher to timely request in writing a written statement of reasons for the nonrenewal of her contract if she wished to contest the nonrenewal of her contract for the 1979-80 school year. *Owen v. Long County Bd. of Education,* 245 Ga. 647 (1) (266 SE2d 461) (1980). The timely written request of the

teacher for a written statement of the reasons for nonrenewal of her contract is tantamount to an express written request by the teacher for a hearing. *Owen,* supra, at 648.

The trial court correctly declined to enter judgment for the teacher in the amount of the salary the teacher would have earned during the 1979-80 and 1980-81 school years, and properly refused to make the mandamus absolute so as to require her reinstatement to her teaching position.

## 2. *The Cross-Appeal. Case No. 37798*

The school board and superintendent as cross-appellants contend that the judgment for the school teacher in the amount of her salary for the school year 1978-79 should be set aside because the superior court should not have entertained the teacher's claims since she failed to exhaust her administrative remedies under Code Ann. §§ 32-910 and 32-2103c. We disagree.

Code Ann. § 32-2103c was applicable to the nonrenewal of the contract of the tenured teacher for the next school year, that is, the school year 1979-80. See Division One of this opinion. It has no application to the termination of the teacher's existing contract for the 1978-79 school year that was then underway. Terminations of teaching contracts for a school year that has commenced are governed instead by Code Ann. § 32-2101c. Appeals from determinations made in accordance with Code Ann. § 32-2101c "may be taken to the State Board of Education in accordance with section 32-910 and the rules and regulations of the State Board of Education governing appeals." Code Ann. § 32-2101c (f). Accordingly, the teacher would not have needed to pursue an appeal pursuant to Code Ann. § 32-910 until after proceedings that had been commenced under Code Ann. § 32-2101c had terminated unfavorably to her interests.

Proceedings are not commenced under Code Ann. § 32-2101c in the same manner as under Code Ann. § 32-2103c. A tenured teacher complaining of the nonrenewal of her teaching contract for the subsequent school year must request a hearing by timely requesting in writing a written statement of reasons for nonrenewal of her contract after receiving the notice specified in Code Ann. § 32-2103c. The procedure is otherwise under Code Ann. § 32-2101c for termination of a teaching contract for the school year that has commenced. A hearing shall be furnished to a teacher under Code Ann. § 32-2101c unless she does not desire one. We arrive at this construction of Code Ann. § 32-2101c because that section nowhere states or intimates that the specified hearing shall be furnished only upon the teacher's request. On the other hand, Code Ann. § 32-2103c treats the teacher's written request for a written statement of the

reasons for the nonrenewal of her contract as a "request for a hearing."

If the school board was of the opinion that the teacher had wilfully neglected her duties instead of being absent for valid medical reasons, or if the board believed she was guilty of immorality by the act of taking an overdose of her prescribed medication, the board should have commenced proceedings under Code Ann. § 32-2101c for the termination of her contract.

Because the school board did not follow the procedures of § 32-2101c to terminate her contract for the 1978-79 school year that was then underway, the trial court correctly held the board liable for the full sum of that annual contract.

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED JANUARY 6, 1982 —
REHEARING DENIED FEBRUARY 3, 1982 IN CASE NO. 37797.

*Hoyt & Hancock, Jack R. Hancock,* for appellant.
*Bobby Lee Cook, Jr.,* for appellees.