### 39259. SHARPLEY v. HALL COUNTY BOARD OF EDUCATION.

GREGORY, Justice.

Appellant was terminated from his employment as a principal with the Hall County School System. A tribunal of the Professional Practices Commission conducted a hearing for the Hall County Board of Education. The Board adopted the Commission's findings that appellant was incompetent and had wilfully neglected his duties, and they terminated appellant's contract as principal. OCGA § 20-2-940 et seq. (Code Ann. § 32-2101c et seq.).

Appellant appealed to the State Board of Education, which adopted their hearing officer's findings and conclusions and sustained the decision of the Hall County Board. This decision was appealed to the Superior Court of Hall County, which remanded the appeal to the State Board of Education for hearing by the full board. The State Board again affirmed the decision of the Hall County Board, and appeal was again made to the Superior Court of Hall County.

In reviewing that appeal, the Superior Court affirmed. See OCGA § 20-2-1160 (Code Ann. § 32-910). After a thorough review of the proceedings below and the arguments presented to us, we affirm.

1. Appellant argues the language of OCGA § 20-2-940 (a) (Code Ann. § 32-2101c (a)) is too vague, indefinite, and uncertain to meet the due process requirements of the Fourteenth Amendment to the United States Constitution and Art. I, Sec. I, Par. I of the Constitution of the State of Georgia (Code Ann. § 2-101). We do not reach this constitutional issue, however, because it was not timely raised by appellant.

Appellant did not challenge the constitutionality of this code section in the proceedings before the Professional Practices Commission, the Hall County Board of Education or the State Board of Education. This issue was not raised until the case was heard by the Superior Court of Hall County, which sat as an appellate court. *Ransum v. Chattooga County Bd. of Ed.,* 144 Ga. App. 783 (5) (242 SE2d 374) (1978).

As an appellate body, the Superior Court of Hall County (like the State Board of Education) was not authorized to consider matters which had not been raised before the local board. OCGA § 20-2-1160 (e) (Code Ann. § 32-910) provides: "Neither the state board nor the superior court shall consider any question in the matters before the local board nor consider the matter de novo, and the review by the state board or the superior court shall be confined to the record." Since the issue was not properly raised below, we will not consider it on appeal. *Owen v. Long County Bd. of Ed.,* 245 Ga. 647 (266 SE2d 461) (1980).

2. The evidence in this case, although conflicting, supports the Hall County Board of Education's findings of incompetence and wilful neglect of duties — either one of which is a sufficient basis for termination of the contract. See OCGA § 20-2-940 (Code Ann. § 32-2101c). *Hood v. Rice,* 120 Ga. App. 691 (172 SE2d 170) (1969).

3. We find appellant's remaining enumerations of error to be without merit.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MAY 24, 1983.

*Sartain & Carey, W. Allan Myers,* for appellant.
*Phillip L. Hartley, Sam S. Harben, Jr.,* for appellee.