Ronald SHARPLEY, Plaintiff-Appellant,

v.

C.W. DAVIS, et al., Defendant-Appellee.

No. 85–8462.

United States Court of Appeals,
Eleventh Circuit.

April 15, 1986.

W. Allan Myers, Gainesville, Ga., for plaintiff-appellant.

Phillip L. Hartley, Sam S. Harben, Jr., Gainesville, Ga., for defendant-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and MURPHY*, District Judge.

HAROLD L. MURPHY, District Judge.

In this case the district court granted summary judgment on the basis of the res judicata and collateral estoppel effect of a prior judgment of the courts of the State of Georgia. We affirm based on the preclusive effect of the prior state-court judgment.

## I

This action was brought in the district court under Section 1983. Appellant was the principal of the White Sulphur Elementary School, Hall County, Georgia. On April 14, 1981, he was suspended from his position and informed that he was discharged for the balance of the school year and that his contract would not be renewed. His suspension followed his supervision of the whipping with a belt of a habitually disobedient nine year-old student by the student's father while the student's classmates looked on.

Appellant invoked Georgia's administrative review procedures, *see*, O.C.G.A. § 20-2-940 (the Fair Dismissal Act), and his termination was referred to the Professional Practices Commission for a recommendation. Following a hearing the Commission recommended that appellant be discharged and that his contract not be renewed. The Board of Education of Hall County subsequently held a meeting and terminated appellant's contract. Appellant then requested that the Board set aside the dismissal. That request was denied.

Appellant appealed to the State Board of Education on June 22, 1981. The State Board affirmed the local board's decision. Appellant then appealed to the Hall County Superior Court. The Superior Court remanded the case to the State Board so that appellant could present oral argument to the full State Board of Education. The State Board again affirmed the decision of the local board. The Superior Court affirmed the State Board on July 12, 1982.

The Supreme Court of Georgia granted leave to appeal. On May 24, 1983, the Supreme Court affirmed the decision of the Hall County Superior Court.

Appellant filed suit in the U.S. District Court on March 30, 1984. Appellees filed a motion for summary judgment and the court entered an order granting the motion on January 31, 1985. The district court found that appellant could have raised, or did raise, his federal constitutional issues during the administrative process, and was thus precluded from litigating those issues

---

* Honorable Harold L. Murphy, U.S. District Judge for the Northern District of Georgia, sitting by designation.

in the federal forum. The appellant filed a motion for a new trial, or to alter or amend the judgment, which was denied. On June 7, 1985, appellant filed his notice of appeal to this court.

## II

Appellant asserts that the issues he sought to raise in federal court were not fully considered in the prior administrative and state court proceedings, and that his claim should not be subject to res judicata and collateral estoppel effect. Thus, the issue before the district court in considering the motion for summary judgment was whether state court review of state administrative proceedings precluded federal jurisdiction over issues raised, or which could have been raised, during the administrative proceedings. The district court was correct in concluding that the state court judgment precluded federal court review.

Georgia courts have determined that local boards may hear federal constitutional claims. In *Long County Bd. of Educ. v. Owen*, 150 Ga.App. 245, 257 S.E.2d 212 (1979), *aff'd* 245 Ga. 647, 266 S.E.2d 461 (1980) the Georgia Court of Appeals held that because plaintiff failed to raise a claim of due process violation during the local board proceedings, he could not assert that claim on appeal. 150 Ga.App. at 247, 257 S.E.2d 212. As noted by the district court below, the holding in *Owen* shows that appellant could have asserted his constitutional claims during the local board proceedings. The local board, or the Professional Practice Commission, may, and sometimes must, consider all issues raised by teachers in a hearing pursuant to the Fair Dismissal Act, including Federal Constitutional issues. *Owen*, 150 Ga.App. at 247, 257 S.E.2d 212.

■ Under Georgia law, a judgment of a court of competent jurisdiction is conclusive between the same parties as to all matters put in issue or "which under the rules of law *might have been put in issue*

in the cause wherein the judgment was rendered ..." O.C.G.A. § 9–12–40 (emphasis added). Thus, the Georgia state court affirmation of the administrative process was conclusive for the purpose of Georgia law as to all issues raised or which might have been raised in the state proceedings. The Georgia Supreme Court, on appellant's appeal, held that "since the issue [of the constitutionality of the proceedings] was not properly raised below, we will not consider it on appeal." *Sharpley v. Hall County Bd. of Educ.*, 251 Ga. 54, 55, 303 S.E.2d 9 (1983).

In *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) the Supreme Court held that federal courts must give the same preclusive effect to a state-court judgment as the state courts would give it. *See also, Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). In *Migra* an administrator of a school system whose contract was not renewed contended that the non-renewal was politically motivated in violation of her first amendment rights. The plaintiff in *Migra* succeeded in her state court action for reinstatement and then sought to bring suit under 42 U.S.C. § 1983 in federal court. The Supreme Court affirmed the grant of summary judgment for the defendant. Under 28 U.S.C. § 1738 state judicial proceedings have the same full faith and credit in every court within the United States as they have in the courts of the State from which they are taken.[1] In giving the state judgment full faith and credit, the *Migra* Court precluded the federal court from hearing plaintiff's § 1983 claim.

Appellant urges the Court to consider *Holley v. Seminole County School District*, 755 F.2d 1492 (11th Cir.1985). In *Holley* we stated that a discharged teacher asserting constitutional violations "is enti-

---

1. "... it is more important to give full faith and credit to state court judgments than to ensure separate forums for federal and state claims."

*Migra*, 465 U.S. 75, 84, 104 S.Ct. 892, 898, 79 L.Ed.2d 56, 64 (1984).

tled to a de novo hearing in federal court regardless of whether the teacher resorted to an administrative hearing or whether such hearing purported to decide the constitutional issue." *Id.* at 1504. The district court, however, correctly concluded that *Holley* should be distinguished here because of the failure of the claimant in *Holley* to resort to state judicial proceedings. In *Holley* we denied a rehearing and reaffirmed "the preclusive effect of 'judicial proceedings' in state courts." 763 F.2d 399, 400 (11th Cir.1985). While the resort to administrative proceedings alone does not preclude subsequent federal action, subsequent state court review will bar a later federal action.

In *Burney v. Polk Community College,* 728 F.2d 1374 (11th Cir.1984) (a Title VII, § 1983 case) we held that the plaintiff was estopped from proceeding in federal court because of the state court's affirmance of an initial administrative decision dismissing the plaintiff as a guidance counselor at a local community college. We held that it is "the state court judgment, and not the agency decision, that triggers the full faith and credit requirement of Section 1738." *Burney,* 728 F.2d at 1380. Similarly here, the judgment of the Georgia courts precludes any further proceedings. *See also, Mitchell v. National Broadcasting Co.,* 553 F.2d 265 (2d Cir.1977) (factors that can determine whether a state administrative proceeding, reviewed by the state court, is res judicata of a subsequent federal civil rights action).

 Because plaintiff could have asserted his constitutional claims in the administrative process, and because of the state court review of that process, he may not raise those claims now. *Migra,* 104 S.Ct. at 898.[2] Under Georgia law appellant has been given a full opportunity to litigate all issues relevant to his termination. The decision of the Supreme Court of Georgia upholding the administrative proceedings is entitled to res judicata and collateral estoppel effect in the state court, and shall, under § 1738, be given full faith and credit here.

 As to the type of hearing held, we agree with the sound conclusion of the district court that "plaintiff received the requisite procedural due process in the state proceedings." *Sharpley v. Davis,* No. C84–87G, fn. 2 (N.D.Ga. January 31, 1985). Under the terms of the Fair Dismissal Act, O.C.G.A. § 20–2–940 et seq., the employee is entitled to notice, an opportunity for a full hearing, compulsory process and representation by counsel. Furthermore, as indicated above, appeal may be taken to the state board and then to the superior court. Such procedures, followed here, provide all the due process that is constitutionally required. *See, Kremer,* 456 U.S. 483–85, 102 S.Ct. 1883.

### III

Appellant has been before three state administrative bodies, twice before the state trial court and before the highest state appellate court. We hold that our prior decisions require that full faith and credit be given by the federal court to the judgment of the Georgia state court. The trial court was correct in granting the motion for summary judgment by giving these prior state court decisions preclusive effect over appellant's effort to litigate his claims in federal court.

Affirmed.

---

2. The Court agrees with the district court, following the holding in *Migra,* that the plaintiff "could have proceeded first in federal court had [he] wanted to litigate [his] federal claim in a federal forum." *Migra,* 465 U.S. at 85, 104 S.Ct. at 898, 79 L.Ed.2d at 64 (1984). We are aware, however, of the burden this places on litigants to consider, at the earliest stage of what may seem to be a relatively informal administrative proceeding before the local board, how best to preserve any federal claims that may exist. If the federal claims are not preserved by resort to the federal forum at the outset, and those issues are not raised at the earliest administrative level, subsequent state court review of that initial administrative determination, as we hold today, eliminates the opportunity to present such federal claims in a federal forum.