**Dorothy WASHINGTON and Anza Flood, Plaintiffs,**

**v.**

**DEPARTMENT OF HUMAN RESOURCES, Defendant.**

**Civ. No. 90–14–ALB/AMER(DF).**

United States District Court,
M.D. Georgia,
Albany/Americus Division.

March 25, 1991.

Kent Spriggs, Jeanne M.L. Player, Spriggs & Kidder, Tallahassee, Fla., for plaintiffs.

Eddie Snelling, Jr., Asst. Atty. Gen., Atlanta, Ga., for defendant.

FITZPATRICK, District Judge.

Currently pending before the court is Plaintiffs' Motion to Amend and Defendant's Motion to Dismiss. Each of the parties have briefed the respective motions which now await a ruling from the court.

*Background Facts*

The case at bar is a Title VII action in which the plaintiffs seek only to have the court determine if they are entitled to the remedies of reinstatement and attorney's fees. The liability issue in this matter has already been settled in a state proceeding before a special master.

The special master, acting under Georgia's Fair Employment Practices Act, O.C.G.A. § 45–19–20 *et seq.*, issued a finding that the defendant discriminatorily discharged the plaintiffs from their employment with the Georgia Department of Hu-

man Resources on account of plaintiffs' race. In accordance with that finding, the special master awarded plaintiffs back pay and twenty hours worth of attorney's fees. The special master, however, refused plaintiffs' request for reinstatement and instead ordered defendant to pay plaintiffs four months front pay. Plaintiffs appealed the special masters decision which was affirmed by the Superior Court of Dougherty County and the Georgia Court of Appeals. Plaintiffs then filed the instant action. Defendant answered the complaint and subsequently filed a motion to dismiss.

*Discussion*

In support of its motion to dismiss, defendant argues that plaintiffs' complaint should be dismissed because the issues raised by the plaintiffs in the instant action have been litigated, considered, and decided by a state agency, a state trial judge, and a state appellate court. Defendant therefore contends that *res judicata* and *collateral estoppel* bar this court from entertaining plaintiffs' suit.

Plaintiffs counter defendant's assertions by first acknowledging that the special master's findings of discriminatory conduct on the part of defendant are binding on this court. Plaintiffs further argue, however, that the decision of the special master, in regard to plaintiffs' remedies under state law, do not prevent the federal court from determining if plaintiffs are entitled to federal remedies available under Title VII based on the state court's binding findings of fact. In support of that position, plaintiffs cite the case of *New York Gas Light Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980).

■ In *Carey*, the Supreme Court of the United States was called upon to decide if a plaintiff who won his Title VII claim in a state court proceeding but was not awarded attorney's fees could attempt to recover those fees in a subsequent action brought in federal court. The court began its analysis of that issue by noting that Title VII promotes a policy of federal and state cooperation in the enforcement of the statute although, "the ultimate authority to secure compliance with Title VII resides in the federal courts." *Id.* at 64, 100 S.Ct. at 2031. In deciding that the plaintiff could bring an additional action for attorney's fees in the federal court, even though plaintiff had already prevailed in a state proceeding without receiving such an award, the court concluded that:

> Title VII explicitly leaves the States free, and indeed encourages them, to exercise their regulatory power over discriminatory employment practices. Title VII merely provides a supplemental right to sue in federal court if satisfactory relief is not obtained in state forums.

*Id.* at 67, 100 S.Ct. at 2033.

The court's ruling in *Carey* makes it clear that a party who has been denied the opportunity to obtain all of his rights and remedies in a state court proceeding is not foreclosed from seeking them in a subsequent action filed in federal court. A critical distinction in the facts of *Carey* and those of the instant case indicates, however, how and why that holding does not form the basis for a ruling in favor of the plaintiff in the case at bar.

■ The plaintiff in *Carey* never had a chance to assert a valid claim for attorney's fees in the state proceeding because the applicable state law did not allow for an award of attorney's fees; therefore the plaintiff could not receive complete relief in the state court. Contrarily, plaintiffs in the instant case had the opportunity to fully and fairly litigate claims for complete relief in the state forum which they are now attempting to reassert in federal court.[1] The properly defined issue in this case, therefore, is not a question of wheth-

---

1. Plaintiffs contend that there is a distinction between the relief that was denied them in the state forum and that which they seek in federal court because the state proceeding was conducted in accordance with state law and sought only to impose state remedies. The special master's order reveals, however, that the remedies plaintiffs sought in that proceeding are identical to the remedies requested in this action. Moreover, the special master, acting under authority of state law, specifically referred to federal law developed in the resolution of Title VII case in order to determine whether or not plaintiffs were entitled to the remedies they requested.

er or not plaintiffs were denied the opportunity to secure all the remedies they are entitled to receive under Title VII; rather it is a question of whether or not the opportunity plaintiffs received in the state forum precludes them from asserting their claims for reinstatement and attorney's fees in federal court.

In determining the preclusive effect of a state forum's decision in a Title VII action, federal courts must follow that state's law on preclusion. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Under the state law applicable in this case, "a judgment of a court of competent jurisdiction is conclusive between the same parties as to all matters put in issue or 'which under the rules of law *might have been put in issue* in the cause wherein the judgment was rendered ...'" *Sharpley v. Davis*, 786 F.2d 1109, 1111 (11th Cir.1986) (citing O.C.G.A. § 9–12–40). Therefore, the Georgia Superior Court's and Court of Appeal's affirmance of the special master's ruling is conclusive under Georgia law and must be afforded the same preclusive effect in this court that it would receive in the courts of the state of Georgia. *See Carlisle v. Phoenix City Bd. of Ed.*, 849 F.2d 1376 (11th Cir.1988) ("This Circuit accords preclusive effects to judicial appeals following state administrative proceedings in accordance with that state's preclusion law."). Consequently, this court is precluded from hearing plaintiffs' claims in the instant action and therefore GRANTS defendant's motion to dismiss.

■ In regard to plaintiffs' motion to amend, when considering such a motion, the court should look to such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). It is clear from the court's discussion concerning defendant's motion to dismiss that granting plaintiffs' motion to amend their complaint

to add a request for the remedy of reinstatement would have no bearing on the ultimate outcome of this action. Accordingly, plaintiffs' motion to amend is DENIED.

*Conclusion*

For the foregoing reasons, it is the ruling of the court that defendant's motion to dismiss is hereby GRANTED and plaintiffs' motion to amend is DENIED.

SO ORDERED.