**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**August 29, 2014**

# In the Court of Appeals of Georgia

A14A1114. CLAYTON COUNTY BOARD OF EDUCATION v.   JE-058
    VOLLMER.

ELLINGTON, Presiding Judge.

The Clayton County Board of Education (hereinafter, the "Local Board") appeals from an order by the Superior Court of Clayton County reversing a decision by the State Board of Education (the "State Board"). The State Board had affirmed the Local Board's termination of a teacher, David Vollmer.[1] The Local Board contends that the superior court erred in reversing Vollmer's termination based upon an issue that he raised for the first time in the superior court, specifically, that the tribunal that conducted the initial termination hearing had failed to timely comply with its statutory reporting requirements. The Local Board argues that Vollmer

---

[1] This Court granted the Local Board's application for discretionary review, Case No. A14D0141.

waived the issue by failing to raise it in the prior proceedings. The Local Board also contends that, to the extent the superior court found as a matter of law that there was insufficient evidence in the record to support the termination of Vollmer's employment, this conclusion is erroneous. For the following reasons, we find that Vollmer waived the issue of whether the hearing tribunal timely complied with the applicable statutory requirements. Further, the hearing evidence supported the Local Board's termination decision. Consequently, we reverse the superior court's order.

Viewed in the light most favorable to the Local Board's decision,[2] the record shows the following, undisputed facts. In January 2012, Clayton County's Superintendent of Schools recommended that the Local Board terminate Vollmer's employment as a teacher, pursuant to the Georgia Fair Dismissal Act, OCGA § 20-2-940 et seq. A tribunal appointed by the Local Board (the "hearing tribunal")[3] heard evidence on the recommendation and, on May 22, 2012, issued its findings of fact and

---

[2] *Chattooga County Bd. of Ed. v. Searels*, 302 Ga. App. 731, 732 (691 SE2d 629) (2010).

[3] See OCGA § 20-2-940 (e) (1) ("The [termination] hearing shall be conducted before the local board, or the local board may designate a tribunal to consist of not less than three nor more than five impartial persons possessing academic expertise to conduct the hearing and submit its findings and recommendations to the local board for its decision thereon.").

recommended that the Local Board terminate Vollmer's employment. In a June 5, 2012 e-mail to Vollmer's counsel, the Local Board notified Vollmer that it had "upheld the [termination] decision of the Tribunal at its Monthly Board Meeting last night."

Vollmer appealed the Local Board's decision to the State Board,[4] raising seven separate "Issues on Appeal," including whether the Local Board had "acted in compliance with its mandate in OCGA § 20-2-940 (f)" because "[n]owhere in the unofficial minutes [of the Local Board's June 4, 2012 meeting], the only minutes available, does it appear that any action respecting [Vollmer] was taken [by the Local Board]," and because he had "received no notice that any action was taken [by the Local Board] as required by law[.]" The State Board responded to the notice of appeal with a letter stating that it would "not consider any question not specifically raised in the written appeal."

---

[4] See OCGA § 20-2-1160 (b) ("Any party aggrieved by a decision of the local board rendered on a contested issue after a hearing shall have the right to appeal therefrom to the State Board of Education. The appeal shall be in writing and shall distinctly set forth the question in dispute, the decision of the local board, and a concise statement of the reasons why the decision is complained of[.]").

In his subsequent appellate brief to the State Board, Vollmer abandoned all but the following two issues: whether there was sufficient evidence to support his termination, and whether the Local Board had failed "to act on the Decision of the Hearing Tribunal in a timely manner." As to the latter issue, Vollmer contended that there was no proof that the Local Board had taken any official action on the hearing tribunal's recommendation and that neither he nor his counsel had "ever received any required notice from the Board that [he] had the right to appeal the decision of the [Local] Board."

The State Board affirmed the Local Board's termination decision after finding that there was sufficient evidence to support Vollmer's termination; it did not address Vollmer's contention regarding the Local Board's alleged failure to provide him with timely notice of its decision or his right to an appeal.

Vollmer then appealed the State Board's decision to the Superior Court of Clayton County,[5] contending, inter alia, that the hearing tribunal had failed to comply with a statutory mandate that it provide its findings of fact and recommendations to

---

[5] See OCGA § 20-2-1160 (c) ("Any party aggrieved [by a decision of the State Board in a termination appeal] may appeal to the superior court of the county wherein the local board of education is situated. Such appeal shall be filed in writing within 30 days after the decision of the state board.").

4

the Local Board within five days of the conclusion of the termination hearing.[6] Although the Local Board argued that Vollmer had waived this issue by failing to raise it in the proceedings below, the Superior Court rejected that argument, finding as a matter of fact that Vollmer had raised the issue in his appeal to the State Board. The superior court then concluded that the hearing tribunal had, in fact, violated the five-day reporting requirement under OCGA § 20-2-940 (f), and, based solely upon that finding, it reversed the Local Board's termination of Vollmer's employment.

1. The Local Board contends that the superior court erred in considering and ruling upon this issue because Vollmer had waived it by failing to raise it in the proceedings below. Pretermitting whether the superior court erred in finding that the hearing tribunal had violated the reporting requirement of OCGA § 20-2-940 (f), or that such violation mandated the reversal of Vollmer's termination, the record shows that the court clearly erred in finding that Vollmer had preserved the issue for its consideration. As shown above, in Vollmer's appeal to the State Board, he specifically identified the issues he wanted the State Board to consider. That pleading

---

[6] See OCGA § 20-2-940 (f) ("Where the [termination] hearing is before a tribunal, the tribunal shall file its findings and recommendations with the local board within five days of the conclusion of the hearing, and the local board shall render its decision thereon within ten days after the receipt of the transcript.").

5

and his supporting brief indisputably show that he did not ask the State Board to decide whether the hearing tribunal had issued its findings and recommendations within the required five-day period and, if the tribunal did not, whether that failure mandated the reversal of the Local Board's decision to terminate his employment.[7]

Because Vollmer failed to raise the issue prior to his appeal to the superior court, the court was prohibited from considering the issue; it was also prohibited from reviewing the decision of the State Board de novo. OCGA § 20-2-1160 (e) ("Neither the state board nor the superior court shall consider any question in matters before the local board nor consider the matter de novo, and the review by the state board or the superior court shall be confined to the record."); *Sharpley v. Hall County Bd. of Ed.*, 251 Ga. 54, 54-55 (1) (303 SE2d 9) (1983) (The appellant failed to challenge the constitutionality of a statute in proceedings before the county or state boards of

---

[7] In fact, in his 32-page brief to the State Board, Vollmer's only reference to the timing of the hearing tribunal's actions is as follows:

> On May 22, 2012, the Hearing Tribunal rendered its Findings of Fact, Analysis and Conclusions, supporting its decision on May 20, 2012 to uphold the decision of the Superintendent. This decision was in due course filed with the [Local] Board. . . . On June 5, 2012, [the Local Board sent Vollmer's attorney an e-mail that stated:] "The Board upheld the decision of the Tribunal at its Monthly Board Meeting last night."

education. Consequently, the superior court was not authorized to consider the issue, and the Supreme Court refused to consider its merits on appeal.); *Fulton County Bd. of Ed. v. D. R. H.*, 325 Ga. App. 53, 57-58 (1) (752 SE2d 103) (2013) (This Court ruled that, in an appeal from a Local Board's decision, the superior court erred in considering a matter de novo and in failing to confine its appellate review to the record and to the issues that had been raised before the Local Board, in violation of OCGA § 20-2-1160 (e)).

Consequently, the superior court erred in reversing the State Board's decision affirming the Local Board's termination of Vollmer's employment on this basis.

2. Although the superior court did not expressly rule on Vollmer's claim that there was insufficient evidence presented at the tribunal hearing to support the termination of his employment, we have reviewed the evidence presented in the light most favorable to the Local Board's decision and conclude that, under the "any evidence" standard of review, the evidence supports the Local Board's termination decision. See *Chattooga County Bd. of Ed. v. Searels*, 302 Ga. App. 731, 732 (691 SE2d 629) (2010) ("Not unlike the State Board and the superior court, this Court as an appellate body applies the 'any evidence' standard of review to the record supporting the initial decision of the Local Board.") (citations omitted); *Ransum v.*

7

*Chattooga County Bd. of Ed.*, 144 Ga. App. 783, 785 (5) (242 SE2d 372) (1978) ("Historically, the appellate courts of this State have followed the policy of refusing to nullify facts supported by evidence which have been found by the various fact-finding bodies.") (citation and punctuation omitted). Accordingly, the superior court was not authorized to reverse Vollmer's termination on this basis.

*Judgment reversed. Phipps, C. J., and McMillian, J., concur.*