**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 12, 2020**

# In the Court of Appeals of Georgia

A20A0090.  GEORGIA  PROFESSIONAL  STANDARDS COMMISSION v. WILSON-WILLIAMS

BARNES, Presiding Judge.

This Court granted the discretionary application filed by the Georgia Professional Standards Commission ("Commission") seeking appeal from the superior court's order reversing its two-year suspension of SaJuana Wilson-Williams's educator's certificate. In its subsequent appeal, the Commission contends that the trial court erred in granting relief based on an issue not raised by Wilson-Williams during the administrative proceeding, and that the trial court erred in finding that State law preempted the local school district's policy. Upon our review, and for the reasons that follow, we reverse the trial court's order.

"When this Court reviews a superior court's order in an administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency." (Footnote omitted.) *City of LaGrange v. Ga. Public Svc. Comm*., 296 Ga. App. 615, 616 (675 SE2d 525) (2009). Thus, on appeal, we view the evidence presented at the administrative hearing in the light most favorable to the agency's decision. *Bowman v. Palmour*, 209 Ga. App. 270, 270 (1) (433 SE2d 380) (1993). In this regard*,* "under the abuse of discretion standard, we review legal holdings de novo, and we uphold factual findings as long as they are not clearly erroneous, which means there is some evidence in the record to support them." (Citation and punctuation omitted.) *Welcker v. Ga. Bd. of Examiners of Psychologists*, 340 Ga. App. 853, 855 (1) (798 SE2d 368) (2017).

So viewed, the facts, which are not in dispute, demonstrate that at the time of the incident in question, Wilson-Williams was the interim principal of a high school in the Dougherty County School System. In August of 2012, at the end of the school day, a student, A. A., reported to a teacher that her father had been "touching" her. A. A. told the teacher she was going to go to her grandmother's house. After A. A. left, the teacher asked the school's counselors what was the protocol for reporting

2

allegations of abuse. The counselor advised the teacher to speak to an administrator, and the teacher reported the allegation to Wilson-Williams at approximately 4:00 p.m the same day. But the teacher could not identify the student by her full name – she only knew her by a nickname. Wilson-Williams told her they would wait until the following day to take any action. Before school the next morning, A. A.'s father raped her.

Based on Wilson-Williams' failure to immediately report the alleged abuse to police as mandated by the policy of the Dougherty County school system,[1] the Commission found probable cause that Wilson-Williams had violated certain "laws, rules, and regulations of the Commission," related to professional conduct and conduct with a student. The Commission concluded that her educator's certificate should be revoked.

Wilson-Williams contested the Commission's sanction and requested a hearing before the State Office of Administrative Hearings, as provided by OCGA § 50-13-

---

[1] The policy stated, in pertinent part, that OCGA § 19-7-5 "sets forth penalties for mandated reporters who fail to report [child] abuse," that all administrators are mandated reporters, and that "[t]he principal or administrator, upon receipt of such a report, must immediately report the allegation to the Dougherty County School System Police Department."

41.[2] The case proceeded to a hearing before an Administrative Law Judge (the "ALJ"), who, in its final decision, agreed with the Commission that Wilson-Williams had violated certain professional standards, specifically Standard 9 (Required Reports)[3] and Standard 10 (Professional Conduct) of the Code of Ethics for

[2] OCGA § 50-13-41 (1) (a) provides in pertinent part that,
Whenever a state agency authorized by law to determine contested cases initiates or receives a request for a hearing in a contested case which is not presided over by the agency head or board or body which is the ultimate decision maker, the hearing shall be conducted by the Office of State Administrative Hearings, and such hearings shall be conducted in accordance with the provisions of this chapter and the rules and regulations promulgated under this article.

[3] Standard 8, formerly Standard 9 provides,
An educator shall file reports of a breach of one or more of the standards in the Code of Ethics for Educators, child abuse (OCGA § 19-7-5), or any other required report. Unethical conduct includes but is not limited to . . . failure to make a required report of any violation of state or federal law soon as possible but no later than ninety (90) days from the date the educator became aware of an alleged breach unless the law or local procedures require reporting sooner. These reports include but are not limited to: murder, voluntary manslaughter, aggravated assault, aggravated battery, kidnapping, any sexual offense, any sexual exploitation of a minor, any offense involving a controlled substance and any abuse of a child if an educator has reasonable cause to believe that a child has been abused.

4

Educators.[4] The ALJ concluded that although Wilson-Williams had "not violate[d] OCGA § 19-7-5,[5] which requires mandatory reporters to report suspected abuse within twenty-four hours, Dougherty County School System's policy required immediate reporting by a principal to the police with no grace period." The ALJ

Ga. Comp. R. & Regs. r. 505-6-01 (3) (h) 3, formerly Ga. Comp. R. & Regs. r. 505-6-.01 (3) (b) 3 (2009), version referenced by ALJ.

[4] Standard 9, formerly Standard 10 provides,
An educator shall demonstrate conduct that follows generally recognized professional standards and preserves the dignity and integrity of the education profession. Unethical conduct includes but is not limited to a resignation that would equate to a breach of contract; any conduct that impairs and/or diminishes the certificate holder's ability to function professionally in his or her employment position; or behavior or conduct that is detrimental to the health, welfare, discipline, or morals of students.

Standard 10: Professional Conduct Ga. Comp. R & Regs. r. 505-6-.01 (3) (h) 3, formerly Ga. Comp. R. & Regs. r. 505-6-.01 (3) (j) (2009), version referenced by ALJ in its order.

[5] OCGA § 19-7-5 (e) (3) provides, in pertinent part, that "[w]ith respect to reporting required by subsection (c) [as a mandatory reporter] of this Code section, an oral report by telephone or other oral communication or a written report by electronic submission or facsimile shall be made immediately, but in no case later than 24 hours from the time there is reasonable cause to believe that suspected child abuse has occurred."

5

concluded that Wilson-Williams's educator certificate should be suspended for two years, rather than revoked. The Commission adopted the ALJ's decision, after which, Wilson-Williams filed a petition for review in superior court. [6]

At the subsequent hearing on her petition, Wilson-Williams argued for the first time that OCGA § 19-7-5 preempts the local reporting policy, and thus Wilson-Williams was only required to report the abuse allegation within the 24-hour period provided for in the statute. The superior court reversed the ALJ's decision. In its order, the court concluded that Standards 9 and 10 of the Code of Ethics "must bend and yield" to the state's mandatory reporting statute, OCGA § 19-7-5 (e), which provides that when a reporter learns of possible child abuse, she must report it "immediately, but in no case later than 24 hours from the time there is reasonable cause to believe that suspected child abuse has occurred." This appeal ensued.

> With respect to the decision of the administrative agency, a court may reverse or modify the Board's decision where substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected

---

[6] Wilson-Williams also requested a stay in the enforcement of the suspension, which the trial court granted.

6

by other error of law; (5) clearly erroneous in view of the record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Welcker v. Ga. Bd. of Examiners of Psychologists*, 340 Ga. App. 853, 855 (1) (798 SE2d 368) (2017). See OCGA § 50-13-19 (h).

1. The Commission first contends that the superior court erred by granting relief on the issue of preemption, which Wilson-Williams did not raise during the administrative hearing. According to the Commission, the superior court was prohibited from considering whether Georgia's mandatory reporting law preempts the school system's policy on reporting. We agree.

> Whether the defense of preemption is jurisdictional [and thus not waivable] or waivable is a question of law we review de novo. . . . [T]he defense of preemption is waivable where it merely dictates a different choice of law. Here, the preemption defense is not jurisdictional because a successful preemption defense under [OCGA § 19-7-5] would dictate only a change in law, not a change in forum.

(Citations and punctuation omitted.) *Jones v. Sabal Trail Transmission*, 336 Ga. App. 513, 516 (2) (784 SE2d 865) (2016).

OCGA § 20-2-1160 (e) provides, in pertinent part, that "[n]either the state board nor the superior court shall consider any question in matters before the local

7

board nor consider the matter de novo, and the review by the state board or the superior court shall be confined to the record." Thus, "[a]s an appellate body, the Superior Court of [Dougherty] County (like the State Board of Education) was not authorized to consider matters which had not been raised before the local board." *Sharpley v. Hall County Bd. of Ed.*, 251 Ga. 54, 55 (1) (303 SE2d 9) (1983). See *Owen v. Long County Bd. of Ed.*, 245 Ga. 647, 649 (2) (266 SE2d 461) (1980) (holding that "an aggrieved party's list of contentions, submitted to the state board on appeal, must relate to contested issues at the hearing below and cannot raise new issues."); *Fulton County Bd. of Ed. v. D. R. H.*, 325 Ga. App. 53, 58 (1) (752 SE2d 103) (2013) (holding that, in an appeal from a local board's decision, the superior court erred when it considered a matter de novo and failed to confine its appellate review to the record and to the issues that had been raised before the local board, in violation of OCGA § 20-2-1160 (e)).

Here there is no indication that Wilson-Williams raised the issue of preemption, or, even generically argued that she had reported the abuse within 24 hours as required by OCGA § 19-7-5, at the local board level, or, for that matter, in her appeal to the State Board. Our careful review of the record and pleadings reveals that she first asserted her preemption argument during her appeal before the superior

8

court. See *Sharpley*, 251 Ga. at 54-55 (appellant failed to challenge the constitutionality of a statute in proceedings before the county or state boards of education. Consequently, the superior court was not authorized to consider the issue, and the Supreme Court refused to consider its merits on appeal).

Accordingly, as the trial court was not authorized to consider the preemption issue for the first time in Wilson-Williams' appeal, it erred in reversing the ALJ's decision on that basis. See *Clayton County Bd. of Educ. v. Vollmer,* 328 Ga. App. 894, 897 (1) (763 SE2d 277) (2014) (because "Vollmer failed to raise the issue [of whether tribunal had timely issued its findings and recommendations] prior to his appeal to the superior court, the court was prohibited from considering the issue; it was also prohibited from reviewing the decision of the State Board de novo"); *Cancel v. Med. Center of Central Ga.*, 345 Ga. App. 215, 224 (1) (c) (812 SE2d 592) (2018) ("The issue of preemption not having been adequately raised or ruled on below, we decline to address it here.")

2. Because of our holding in Division 1, we need not consider the Commission's subsequent contention that the trial court erred in finding that the local rule was preempted by the subject statute.

*Judgment reversed. Gobeil and Pipkin, J. J., concur.*

9